IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| SANDRA MOYER, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-20-3449 |
| HOME POINT FINANCIAL CORP., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs Sandra Moyer, Richard Martin, Terry Patterson, Jr., and Yvonne Matthews (collectively, "Plaintiffs" or "named Plaintiffs"), on behalf of themselves and a putative class of similarly situated individuals, sued Defendant Home Point Financial Corporation[1] ("Defendant" or "Home Point"), alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607(a). (ECF No. 3 ¶¶ 218–237.)[2] Plaintiffs' claims arise out of an alleged kickback scheme between Home Point's predecessor, Maverick Funding Corporation ("Maverick"), and All Star Title, Inc. ("All Star Title"), a now-defunct title and

---

[1] Home Point is the successor by acquisition to Maverick, which Home Point acquired in April 2015. (ECF No. 3 ¶ 1; ECF No. 47-1 at 15.) On August 16, 2023, Defendant filed an Amended Disclosure of Corporate Interest pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 103.3, indicating that, effective August 1, 2023, Mr. Cooper Group, Inc. ("Mr. Cooper") acquired Home Point Capital Inc., which was the parent company of Defendant Home Point Financial Corporation. (ECF No. 64.) Therein, Mr. Cooper requested the docket for this matter identify Defendant as "Mr. Cooper Group, Inc., as successor in interest to Home Point Financial Corporation, as successor in interest to Maverick Funding Corporation." (*Id.*) In the separate Order that follows, the Court instructs the Clerk of Court to **ALTER** Defendant's identity and the case caption accordingly.

[2] This Court cites to the ECF generated page number, rather than the page number at the bottom of the parties' various submissions, unless otherwise indicated.

settlement services company, whereby Maverick referred residential mortgage loans to All State Title for title and settlement services in exchange for payments from All Star Title that were laundered through third-party marketing companies. (*Id.* ¶¶ 1–6.)

Pending before this Court is Plaintiff's Motion for Class Certification (ECF No. 37). Defendant opposed in writing, (ECF No. 47-1), and Plaintiffs replied. (ECF No. 51.) Defendant subsequently filed a Motion for Leave to File Sur-Reply, (ECF No. 52), which is fully briefed, (ECF Nos. 53, 54, 58, 59), and also remains pending on this Court's docket. (ECF No. 52.) The parties' submissions have been reviewed and a hearing was conducted in this matter on the record on August 31, 2023. (ECF No. 69). On September 8, 2023, Plaintiffs filed a Motion for Leave to File Supplemental Authority (ECF No. 70), which also remains pending on this Court's docket. Defendant responded in opposition, (ECF No. 71), and Plaintiffs replied. (ECF No. 72.) For the reasons that follow, Defendant's Motion for Leave to File Sur-Reply (ECF No. 52) is **GRANTED**; Plaintiffs' Motion for Leave to File Supplemental Authority (ECF No. 70) is **GRANTED**; and Plaintiffs' Motion to Certify Class (ECF No. 37) is **GRANTED**.

## BACKGROUND

### I.    Factual Background

This case is one of the several RESPA kickback cases involving All Star Title.[3] The

---

[3] Other cases filed in this District arising from the All Star Title kickback scheme include: *Brown v. Emery Fed. Credit Union*, No. 1:22-cv-175 (S.D. Ohio filed Mar. 8, 2021) (originally filed in this District but subsequently transferred to the Southern District of Ohio pursuant to a forum-selection clause); *Brasko v. Howard Bank*, No. SAG-20-3489 (D. Md. filed Dec. 1, 2020); *Ekstrom v. Cong. Bank*, No. BPG-20-1501 (D. Md. filed June 5, 2020); *Wilson v. Eagle Nat'l Bank*, No. JRR-20-1344 (D. Md. filed May 29, 2020); *Avery v. J.G. Wentworth Home Lending, LLC*, No. PWG-19-3303 (D. Md. Nov. 15, 2019); *Dye v. MLD Mortgage Inc.*, No. ELH-19-3304 (D. Md. Nov. 15, 2019); *Bailey v. Sierra Pac. Mortg. Co.*, No. GLR-19-595 (filed Feb. 25, 2019); *Kadow v.*

relevant factual allegations in Plaintiffs' Complaint are as follows: Plaintiffs "are borrowers who currently have or had a residential mortgage loan originated and/or brokered by Defendant Home Point Financial." (ECF No. 3 ¶ 1.) Plaintiffs allege an "illegal kickback scheme between Home Point and All Star Title[, under which] Home Point's loan officers, agents, and/or other employees received and accepted illegal kickbacks from All Star [Title] in exchange for the assignment and referral of residential mortgage loans, refinances, and reverse mortgages to All Star [Title] for title and settlement services, in violation of [RESPA]." (*Id.* ¶¶ 2–3, 17.)

Plaintiffs allege that, beginning around 2008, All Star Title paid kickbacks to participating lenders in exchange for those lenders referring mortgage borrowers to All Star Title for its services. (*Id.* ¶ 17.) When a participating lender referred a borrower to All Star Title pursuant to this scheme, All Star Title overcharged the borrower and transmitted the kickback to a third-party marketing company to create the false impression that All Star Title was making a legitimate payment to a marketing company for marketing service. (*Id.* ¶¶ 4, 17–25.) Plaintiffs allege that Defendant joined All Star Title's scheme in 2014 and that kickbacks were regularly laundered through third-party marketers and received by Home Point across multiple branches. (*Id.* ¶¶ 41–85.) According to Plaintiffs, these kickbacks were made for the benefit of Defendant and solely for the referral of loans to All Star Title. (*Id.* ¶¶ 79–80.) To fund the kickbacks, Plaintiffs allege that Defendant and All Star Title "charged Home Point borrowers fraudulent and unnecessarily increased charges for title and settlement services."

---

*First Fed. Bank*, No. TJS-19-566 (D. Md. filed Feb. 22, 2019); *Remsnyder v. MBA Mortg. Servs. Inc.*, No. CCB-19-492 (D. Md. Feb. 20, 2019); *Somerville v. W. Town Bank & Trust*, No. PJM-19-490 (D. Md. Feb. 19, 2019).

(*Id.* ¶ 5.) Between 2014 and 2016, Defendant received and accepted "thousands of dollars in kickbacks" from All Star Title in exchange for assigning and referring 444 loans. (ECF No. 37-1 at 1, 13.)

## II.     Procedural History

The action was originally filed on October 27, 2020 in the Circuit Court for Baltimore City. (ECF No. 3.) On November 25, 2020, Defendant removed the action to this Court based on federal question jurisdiction. (ECF No. 1.) On January 15, 2021, Defendant filed its Answer. (ECF No. 13.)

Plaintiffs subsequently filed the presently pending Motion to Certify Class. (ECF No. 37.) Therein, Plaintiffs propose the following class definition:

> All individuals in the United States who were borrowers on a federally related mortgage loan (as defined under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602) originated by, brokered by, and/or otherwise obtained from Home Point Financial Corporation f/k/a Maverick Funding Corporation, for which All State Title, Inc., provided settlement service, as identified on the borrowers HUD-1 or Closing Disclosure, between January 1, 2014 and February 29, 2016. Exempted from this class is any person who, during the period between January 1, 2014 and February 29, 2016 was an employee, officer, member, and/or agent of Home Point Financial, Maverick Funding Corporation, or All Star Title, Inc.

(the "Home Point Class"). (*Id.* at 1.) They further propose that named Plaintiffs Moyer, Martin, Patterson, and Mathews be appointed class representatives, (*id.* at 2), and propose that attorneys Melissa Lynn English and Michael Paul Smith, both of the law firm Smith, Gildea & Schmidt, LLC in Towson, Maryland, along with attorneys Drew LaFramboise and Timothy Francis Maloney, both of the law firm Joseph, Greenwald & Laake, P.A. in Greenbelt, Maryland, be appointed as class counsel. (ECF No. 37-37 at 2.)

Defendant opposed Plaintiffs' Motion to Certify Class in writing on March 4, 2022.

(ECF No. 47.) Plaintiffs replied on April 15, 2022. (ECF No. 51.) Plaintiffs' reply relied heavily on Judge Gallagher's March 29, 2022 memorandum opinion and order granting class certification in *Brasko v. Howard Bank*, No. SAG-20-3489, 2022 U.S. Dist. LEXIS 57627 (D. Md. Mar. 29, 2022), another case involving a RESPA claim against a lender based on its relationship with All Star Title. (*See* ECF No. 51 at 1, 5–9, 8–12, 16–17, 21–26.).

On April 20, 2022, Defendant requested leave to file a sur-reply to address Judge Gallagher's ruling in *Brasko*—which was issued weeks after Defendant filed its earlier opposition—as well as emails cited in Plaintiffs' reply that Defendant then-alleged were not produced during discovery.[4] (ECF No. 52.) With respect to *Brasko*, Defendant requested "opportunity to show why *Brasko*, a case involving a different lender and decided on different evidence, is easily distinguishable." (*Id.* at 1.) Plaintiffs opposed in writing, (ECF No. 53), and Defendant replied. (ECF No. 54).

On September 30, 2022, and with the consent of the parties, this Court stayed[5] the case for a period of 45 days and instructed the parties to follow the briefing schedule set forth by the same Order to address (i) whether the instant case fell within the ambit of Local Rule 103.1(b) and (ii) Judge Gallagher's March 29, 2022 ruling granting class certification in *Brasko*. (ECF No. 55.)

The parties filed their briefs regarding relatedness under Local Rule 103.1(b) in accordance with this Court's Order.[6] (ECF Nos. 56, 57.) Also pursuant to the briefing schedule

---

[4] With respect to the emails, Defendant later noted that it "mistakenly asserted that Plaintiffs had not produced the emails at issue in discovery given the lack of Bates numbers or other identification, and after having run electronic searches." (ECF No. 59 at 1 n.1.)

[5] In the separate Order that follows, the Court instructs the Clerk of Court to reopen this case.

[6] As noted *supra*, this case is one of several filed in this District against various lenders alleged to have received and accepted kickbacks from All Star Title in violation of RESPA. However, each case alleges different loan

set forth in this Court's Letter Order (ECF No. 55), Plaintiffs filed their Opposition to Defendant's Sur-Reply on November 1, 2022. (ECF No. 58). On November 15, 2022, Defendant filed its Reply in Support of its Sur-Reply. (ECF No. 59.)

On August 24, 2023, Defendant filed a Motion for Leave to File Supplemental Authority in Support of its Opposition to Plaintiffs' Motion for Class Certification (ECF No. 65), requesting leave to file the memorandum opinion issued by Judge Stephanie Gallagher on August 18, 2023 in the matter of *Edmonson v. Eagle National Bank*, No. SAG-16-3938 (D. Md. Aug. 18, 2023), ECF Nos. 187, 188. Plaintiffs opposed the motion, (ECF No. 66), and Defendant replied. (ECF No. 67.) This Court entered an Order granting Defendant's Motion for Leave to File Supplemental Authority in Support of its Opposition to Plaintiffs' Motion for Class Certification (ECF No. 65) on August 28, 2023. (ECF No. 68.)

On August 31, 2023, a motions hearing was conducted on the record addressing the parties' respective arguments regarding class certification in this matter. (ECF No. 69.) Shortly thereafter, Plaintiffs filed a Motion for Leave to File Supplemental Authority (ECF No. 70), requesting leave to file the memorandum opinion issued by Judge Blake on September 6, 2023 granting class certification in the matter of *Remsnyder v. MBA Mortg. Servs., Inc.*, No. CCB-19-492, 2023 U.S. Dist. LEXIS 158435 (D. Md. Sept. 6, 2023). Defendant opposed the motion, (ECF No. 71), and Plaintiffs replied. (ECF No. 72.)

---

officers, different financial institutions in different locations, different kickback schemes, and different legal claims. There is no overlap between any plaintiff or defendant in any of the cases. Of the other cases, it appears that only three others remain in active litigation: *Brasko*, *Remsnyder*, and *Wilson*, and classes have been certified in each of these three cases. *See Brasko v. Howard Bank*, No. SAG-20-3489, 2022 U.S. Dist. LEXIS 57627 (D. Md. Mar. 30, 2022); *Wilson v. Eagle Nat'l Bank*, No. JRR-20-1344, 2023 U.S. Dist. LEXIS 42588 (D. Md. Mar. 13, 2023); *Remsnyder v. MBA Mortg. Servs., Inc.*, No. CCB-19-492, 2023 U.S. Dist. LEXIS 158435 (D. Md. Sept. 6, 2023). Moreover, hearing these cases by different judges would not entail substantial duplication of labor. As such, this case does not fall within the ambit of Local Rule 103.1(b).

The three motions pending on this Court's docket in this matter—Plaintiffs' Motion to Certify Class (ECF No. 37), Defendant's Motion for Leave to File Sur-Reply (ECF No. 52), and Plaintiffs' Motion for Leave to File Supplemental Authority (ECF No. 70)—are ripe for review.

## STANDARD OF REVIEW

### I.    Motion for Leave to File Sur-Reply

In general, parties are not permitted to file sur-replies. Local Rule 105.2(a) (D. Md. 2023) ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."). A sur-reply is permitted when the moving party would be unable to contest any matters raised by the opposing party in their reply for the first time. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003).

### II.    Motion to Certify Class

To obtain class certification, the Plaintiffs must meet all four requirements of Rule 23(a) of the Federal Rules of Civil Procedure and at least one of the requirements of Rule 23(b). *See Gunnells v. Healthplan Servs.*, Inc., 348 F.3d 417, 423 (4th Cir. 2003). Plaintiffs must first establish the four requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. *See* FED. R. CIV. P. 23(a). With respect to Rule 23(b), the Plaintiffs in this case seek certification of the proposed class under Rule 23(b)(3), which requires a finding that common questions "predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). "Plaintiffs bear the burden of showing that a proposed class satisfies the Rule 23 requirements . . . but they need not make that

showing to a degree of absolute certainty . . . [i]t is sufficient if each disputed requirement has been proven by a preponderance of evidence." *Fangman v. Genuine Title, Inc.*, No. RDB-14-81, 2016 U.S. Dist. LEXIS 154582 (D. Md. Nov. 18, 2016) (quoting *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012) (citations omitted)). "[T]he court should not turn the class certification proceedings into a dress rehearsal for the trial on the merits." *Id.*

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (internal quotation marks and citation omitted). "Rule 23 does not set forth a mere pleading standard . . . [a] party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common issues of law or fact, etc." *Id.* at 350. In ruling on a class certification motion, a court must take a close look at the facts relevant to the certification question, even if those facts "tend to overlap with the merits of the case." *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 319 (4th Cir. 2006); a*ccord Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 366 (4th Cir. 2004) ("[W]hile an evaluation of the merits is not part of a Rule 23 analysis, the factors spelled out in Rule 23 must be addressed through findings, even if they overlap with issues on the merits.").

The Supreme Court has noted that "'sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question,' and that certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Wal–Mart*, 564 U.S. at 350–51 (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982)). However, "Rule 23 grants courts no

8

license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013). "Rule 23(b)(3) requires a showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Id.* at 459 (emphasis in original).

## ANALYSIS

As noted above, there are three motions pending on this Court's docket in this matter—Plaintiffs' Motion to Certify Class (ECF No. 37), Defendant's Motion for Leave to File Sur-Reply (ECF No. 52), and Plaintiffs' Motion for Leave to File Supplemental Authority (ECF No. 70). Each motion is ripe for review, and this Court addresses the pending motions for leave to file sur-reply before turning to the issue of class certification.

## I.      Defendant's Motion for Leave to File Sur-Reply (ECF No. 52)

On April 20, 2022, Defendant requested leave to file a sur-reply. (ECF No. 52.) This pending motion addresses Judge Gallagher's ruling granting class certification in *Brasko v. Howard Bank*, SAG-20-3489, 2022 U.S. Dist. LEXIS 57627 (D. Md. Mar. 30, 2022)—another case involving a RESPA claim against a lender based on its relationship with All Star Title— as well as emails cited in Plaintiffs' reply that Defendant alleged were not produced during discovery. (ECF No. 52-1 at 3–8.) As noted above, Local Rule 105.2(a) provides that: "[u]nless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." Local Rule 105.2(a) (D. Md. 2023). While Defendant later noted that it "mistakenly asserted that Plaintiffs had not produced the emails at issue in discovery given the lack of Bates numbers or other identification, and after having run electronic searches," (ECF No. 59 at 1 n.1), this Court finds the opportunity for sur-reply appropriate in this instance as Defendant could not

have addressed Judge Gallagher's March 30, 2022 memorandum opinion granting class certification in *Brasko* in its opposition filed weeks earlier on March 4, 2022 (ECF No. 47). *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003) (explaining that a sur-reply is permitted when the moving party would be unable to contest any matters raised by the opposing party in their reply for the first time). Plaintiffs' reply relies heavily on Judge Gallagher's memorandum opinion and order granting class certification in *Brasko*. (*See* ECF No. 51 at 1, 5–9, 8–12, 16–17, 21–26.) As such, Defendant's Motion for Leave to File Sur-Reply (ECF No. 52) is **GRANTED**.

## II.   Plaintiffs' Motion for Leave to File Supplemental Authority (ECF No. 70)

On September 8, 2023, Plaintiffs filed a Motion for Leave to File Supplemental Authority (ECF No. 70), requesting leave to file the memorandum opinion issued by Judge Blake on September 6, 2023 granting class certification in the matter of *Remsnyder v. MBA Mortg. Servs., Inc.*, No. CCB-19-492, 2023 U.S. Dist. LEXIS 158435 (D. Md. Sept. 6, 2023)— another case involving a RESPA claim against a lender based on its relationship with All Star Title. Because Judge Blake's opinion is relevant to the Court's analysis on the issue of class certification in the instant matter, Plaintiffs' Motion for Leave to File Supplemental Authority (ECF No. 70) is **GRANTED**.

## III.   Plaintiffs' Motion to Certify Class (ECF No. 37)

In this putative class action, Plaintiffs seek certification of a class of borrowers, defined as follows:

> All individuals in the United States who were borrowers on a federally related mortgage loan (as defined under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602) originated by, brokered by, and/or otherwise obtained from Home Point Financial Corporation f/k/a Maverick Funding Corporation, for

10

which All State Title, Inc., provided settlement service, as identified on the borrowers HUD-1 or Closing Disclosure, between January 1, 2014 and February 29, 2016. Exempted from this class is any person who, during the period between January 1, 2014 and February 29, 2016 was an employee, officer, member, and/or agent of Home Point Financial, Maverick Funding Corporation, or All Star Title, Inc.

(the "Home Point Class"). (ECF No. 37 at 1.) As discussed *supra*, a class will be certified only if it meets the four prerequisites identified in Rule 23(a)—numerosity, commonality, typicality, and adequacy—and also fits within one of the three subdivisions of Rule 23(b)—here, Rule 23(b)(3)—predominance and superiority. Defendant argues that the class is not ascertainable and disputes all but one of the class certification prerequisites—numerosity. As set forth below, Defendant's contentions are unavailing, as this Court finds that Plaintiffs have satisfied all requirements for certification by a preponderance of the evidence.

### A. Ascertainability

The Fourth Circuit has recognized "that Rule 23 contains an implicit threshold requirement that the members of a proposed class be 'readily identifiable.'" *EQT Prod. Co. v. Adair*, 764 F.3d 347, 358 (4th Cir. 2014) (quoting *Hammond v. Powell*, 462 F.2d 1053, 1055 (4th Cir. 1972)); *Peter v. Aetna Inc.*, 2 F.4th 199, 241–42 (4th Cir. 2021). "A class cannot be certified unless a court can readily identify the class members in reference to objective criteria." *EQT Prod. Co.*, 764 F.3d at 358 (citing *Marcus v. BMW of. N. Am., LLC*, 687 F.3d 583. 592–94 (3d Cir. 2012); *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007); *Miles v. Merrill Lynch & Co. (In re Initial Pub. Offering Sec. Litig.)*, 471 F.3d 24, 44–45 (2d Cir. 2006)).

According to Plaintiffs, the Home Point Class is ascertainable and, as a practical matter, has already been ascertained and identified with particularity in the spreadsheet attached as Exhibit 19 to its motion for class certification. (ECF No. 37-1 at 25–26 ("The Home Point

Class has a clear definition grounded in reference to objective criteria. A class member is identified by the objection criteria of obtaining a loan from Defendant during a limited definite time period. The information linking the transaction to All Star is required to be recorded on the HUD 1 or Closing Disclosure, disclosures that are mandated by federal regulation."); Ex. 19, ECF No. 37-20.) Defendant argues that the putative class includes borrowers who were not overcharged for services and borrowers whose loans may not be subject to RESPA, thus the class definition is overbroad and therefore not ascertainable. (ECF No. 47 1 at 36–37.)

At bottom, this Court is satisfied that the class is readily identifiable. While Plaintiffs do not address Defendant's argument that the class is "overbroad" head on, the class definition is nearly identical to the class definitions previously approved by this Court in other cases arising from the All Star Title kickback scheme. *See Brasko v. Howard Bank*, No. SAG-20-3489, 2022 U.S. Dist. LEXIS 57627 (D. Md. Mar. 30, 2022); *Wilson v. Eagle Nat'l Bank*, No. JRR-20-1344, 2023 U.S. Dist. LEXIS 42588 (D. Md. Mar. 13, 2023); *Remsnyder v. MBA Mortg. Servs., Inc.*, No. CCB-19-492, 2023 U.S. Dist. LEXIS 158435 (D. Md. Sept. 6, 2023). The proposed Home Point Class is defined by simple, objective criteria, and Plaintiffs have provided a spreadsheet that identifies each class member "drawn from All Star's business records and Title Express loan processing data and the additional transactions identified by Home Point from its loan records." (ECF No. 37-1 at 25); *James v. Acre Mortg. & Fin., Inc.*, No. SAG-17-1734, 2020 U.S. Dist. LEXIS 96633, at *21 (D. Md. June 2, 2020) ("In essence, then, each class member has already been ascertained. Thus, this Court readily concludes that Plaintiff has shown that her class is readily identifiable."). Accordingly, this Court concludes that the threshold ascertainability requirement is satisfied in this case.

### B. Rule 23(a) Requirements

Pursuant to Federal Rule of Civil Procedure 23(a), Plaintiffs must establish the requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—by a preponderance of the evidence. Defendant disputes all but one of the Rule 23(a) prerequisites—numerosity.

#### 1. Numerosity

Rule 23(a)(1) provides that one of the requirements to bring a class action is that the class be "so numerous that joinder of all members is impracticable." *See Robinson v. Fountainhead Title Group Corp.*, 252 F.R.D. 275, 287 (D. Md. 2008). The Fourth Circuit has held that "[n]o specified number is needed to maintain a class action." *Brady v. Thurston Motor Lines*, 726 F.2d 136, 145 (4th Cir. 1984) (quoting *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967)). This Court has previously noted that, generally speaking, "courts find classes of at least 40 members sufficiently large to satisfy the impracticability requirement." *Peoples v. Wendover Funding, Inc.*, 179 F.R.D. 492, 497 (D. Md. 1998).

In this case, Plaintiffs have identified more than 400 Home Point Class members. (ECF No. 37-1 at 26.) Defendant does not dispute the numerosity requirement. Accordingly, this Court finds that the class is sufficiently numerous such that joinder would be impracticable.

#### 2. Commonality

Rule 23(a)(2) requires a question of law or fact common to the class. "A common question is one that can be resolved for each class member in a single hearing," and does not "turn[] on a consideration of the individual circumstances of each class member." *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 319 (4th Cir. 2006) (internal quotation marks and

citation omitted). "Where the injuries complained of by named plaintiffs allegedly result from the same unlawful pattern, practice, or policy of the defendants, the commonality requirement is usually satisfied." *Parker v. Asbestos Processing LLC*, No. 11-CV-01800, 2015 U.S. Dist. LEXIS 1765, at *19 (D.S.C. Jan. 8, 2015) (citing *Marisol A. v. Giuliani*, 125 F.3d 372, 376–77 (2d Cir. 1997)). "Minor differences in the underlying facts of individual class members' cases do not defeat a showing of commonality where there are common questions of law." *Hewlett v. Premier Salons Int'l, Inc.*, 185 F.R.D. 211, 216 (D. Md. 1997).

Here, each putative class member's claim alleges that Defendant violated 12 U.S.C. § 2607(a) by implementing referral agreements between All Star Title and Defendant. Whether the alleged kickback scheme existed and, if so, how it was executed are common questions "at the heart of the litigation" that will produce common questions. *See EQT Prod. Co. v. Adair*, 764 F.3d 347, 366 (4th Cir. 2014). Plaintiffs meet the commonality requirement of Rule 23(a)(2).[7]

### 3. Typicality

Rule 23(a)(3) requires that "claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). The class representative "must be part of the class and possess the same interest and suffer the same injury as the class members." *Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 338 (4th Cir. 1998). Essentially, the typicality requirement ensures that "only those plaintiffs who can advance the same factual and legal arguments may be grouped together as a class." *Id.* at 340. "The essence

---

[7] Defendant argues that the class claims are highly individualized, required fact-intensive inquiries, but these arguments are couched in the context of Rule 23(b)(3) predominance. Accordingly, the Court addresses these challenges below in its predominance analysis.

of the typicality requirement is captured by the notion that 'as goes the claim of the named plaintiff, so goes the claims of the class.'" *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466 (4th Cir. 2006) (citing *Broussard*, 155 F.3d at 340).

Here, the named Plaintiffs allege the same violations of 12 U.S.C. § 2607 that are alleged by the Home Point Class. In order to prevail on the merits, the named Plaintiffs and class members will need to prove the same elements. Their claims arise out of the same alleged kickback scheme between All Star Title and Maverick. Because the named Plaintiffs' claims arose from the same alleged conduct, their claims are typical insofar as they will seek relief under the same legal theory and will "tend to advance the interests of the absent class members." *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466 (4th Cir. 2006). As Plaintiffs correctly note, Defendant's argument that the named Plaintiffs cannot represent borrowers in states outside of Maryland misunderstands the nature and application of the RESPA anti-kickback provision, and "[n]o decision in this Circuit has held that such state-specific laws or regulations affect a certification determination in a RESPA class action." (ECF No. 51 at 23). The instant class action is governed by a federal statute that applies equally to mortgage lenders in every state. Thus, typicality is satisfied.

### 4. Adequacy of Representation

The final prerequisite under Rule 23(a) is that the persons representing the proposed class must be able "fairly and adequately to protect the interests" of all members of the class. The adequacy inquiry under Rule 23(a)(4) "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods. v. Windsor*, 521 U.S. 591, 625 (1997) (citing *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 157–58 n.13 (1982)). As this

Court has previously ruled, the adequacy of a class representative is chiefly determined by whether its interests are "opposed to those of other class members." *Jones v. Fidelity Res., Inc.*, No. RDB-17-1447, 2019 U.S. Dist. LEXIS 148092, at *26 (D. Md. Aug. 30, 2019). Rule 23(a)(4) has two components: (1) the interests of the proposed class representatives and class members must coincide; and (2) the plaintiffs' attorneys must be qualified, experienced, and able to conduct the litigation. *Cuthie v. Fleet Rsrv. Ass'n*, 743 F. Supp. 2d 486, 499 (D. Md. 2010).

This Court finds that the interests of the named Plaintiffs and Home Point Class align. Their claims arise out of the same alleged kickback arrangement between All Star Title and Maverick. In order to prevail on the merits, the named Plaintiffs, and the class members, will need to prove the same elements. Additionally, the named Plaintiffs have assisted Plaintiffs' counsel in the collection of evidence and have appeared for depositions. While Defendant argues that named Plaintiffs Moyer, Martin, Patterson, and Mathews are inadequate representatives because they lack adequate knowledge about their claims, (ECF No. 47-1 at 41–42), the Fourth Circuit has recognized that plaintiffs "need not have extensive knowledge of the facts of the case in order to be an adequate representative," particularly in a "complex lawsuit . . . in which the defendant's liability can be established only after a great deal of investigation and discovery by counsel against a background of legal knowledge." *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 430 (4th Cir. 2003). "Rule 23 does not require the representative plaintiffs to have extensive knowledge of the intricacies of litigation, rather, the named plaintiffs must have a general knowledge of what the action involves and a desire to prosecute the action vigorously." *Fangman v. Genuine Title LLC*, No. RDB-14-0081, 2016 U.S. Dist. LEXIS 154582, at *37 (D. Md. Nov. 8, 2016).

Turning to Defendant's argument that class counsel are inadequate, Defendant argues that by entering into a cooperation agreement where Plaintiffs' counsel agreed not to represent a client suing All Star Title or its president, Jason Horwitz, and by further failing to disclose this agreement, Plaintiffs' counsel violated their ethical duties and created conflicts with the named Plaintiffs and putative class members.[8] (*Id.* at 37–39.) This Court is unpersuaded.

Plaintiffs' counsel are largely the same counsel for the classes certified in the several RESPA cases in this District, including *Wilson v. Eagle National Bank*, No. JRR-20-1344, 2023 U.S. Dist. LEXIS 42588 (D. Md. Mar. 13, 2023); *Brasko v. Howard Bank*, No. SAG-20-3489, 2022 U.S. Dist. LEXIS 57627 (D. Md. Mar. 29, 2022); *Bezek v. First Mariner Bank*, No. SAG-17-2902, 2020 U.S. Dist. LEXIS 183174 (D. Md. Oct. 2, 2020); *Dobbins v. Bank of Am., N.A.*, No. SAG-17-0540, 2020 U.S. Dist. LEXIS 156315 (D. Md. Aug. 28, 2020); *James v. Acre Mortg. & Fin., Inc.*, No. SAG-17-1734, 2020 U.S. Dist. LEXIS 96633 (D. Md. June 2, 2020); *Edmonson v. Eagle Nat'l Bank*, 336 F.R.D. 108, 116 (D. Md. 2020); *Fangman v. Genuine Title, LLC*, No. RDB-14-81, 2016 U.S. Dist. LEXIS 154582 (D. Md. Nov. 8, 2016). With respect to Defendant's conflict argument, even if there were a conflict between the Home Point Class and counsel about whether to pursue claims against All Star Title, that is not a conflict that goes to the heart of Plaintiffs' litigation against Defendant. *Gunnells v. Healthplan Servs.*, 348 F.3d 417, 430–31 (4th Cir. 2003). As Plaintiffs correctly note, the same argument was rejected

---

[8] Defendant further alleges that Plaintiffs' counsel improperly refused to comply with their discovery obligations in this case, which Defendant argues demonstrates Plaintiffs' counsel's inadequacy to represent the putative class. (*See id.* at 40–41; Ex. H, ECF No. 47-4.) This Court agrees with Plaintiffs that discovery disputes and grievances with opposing counsel are not the subject for briefing on class certification. Moreover, Defendant's allegations towards Plaintiffs' counsel do not come close to the conduct at issue in *Chen v. Hunan Manor Enter.*, No. 17 Civ. 802 (GBD) (GWG), 2021 U.S. Dist. LEXIS 105396 (S.D.N.Y. June 4, 2021)— the case relied on by Defendant for its position.

by Judge Gallagher in *Brasko*, 2022 U.S. Dist. LEXIS 57627, at *25, and Judge Messite in *Somerville v. West Town Bank & Trust*, No. PJM-19-490 (D. Md. Feb. 4, 2021). It was also rejected by Judge Rubin in *Wilson v. Eagle National Bank*, No. JRR-20-1344, 2023 U.S. Dist. LEXIS 42588, at *41–46 (D. Md. Mar. 13, 2023).

In sum, this Court finds that all Rule 23(a) conditions for class certification are met.

### C.  Rule 23(b)(3) Requirements

Plaintiffs seek class certification under Rule 23(b)(3). Rule 23(b)(3) requires a finding that common questions "predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). As a result, Rule 23(b)(3) class actions "must meet predominance and superiority requirements not imposed on other kinds of class actions." *Gunnells v. Healthplan Servs.*, Inc., 348 F.3d 417, 424 (4th Cir. 2003).

#### 1.  Common Questions Predominate

The "predominance" prong of the 23(b)(3) inquiry requires that the "common questions 'predominate over any questions affecting only individual class members.'" *Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 469 (2013). Predominance can be demonstrated by showing "both that a given practice [of the defendant] was applied to all class members and that the class members are similarly situated, such that questions about the propriety of that practice can be answered on a classwide basis." *Adair v. EQT Prod. Co.*, 320 F.R.D. 379, 401 (W.D. Va. 2017); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011) (explaining that predominance requirement is met where all class members' claims "depend upon a common contention," and establishing "its truth or falsity will resolve an issue that is

18

central to the validity of each one of the claims in one stroke").

Here, each proposed class member's claim against Defendant centers on Plaintiffs' allegation that Defendant referred them to All Star Title for settlement because All Star Title promised to, and actually did, provide kickbacks to Defendant that were laundered through third party marketing companies. (ECF No. 37-1 at 28–32.) Specifically, Plaintiffs allege that Defendant violated 12 U.S.C. § 2607(a) in an identical way as to each class member, that the kickback agreement between Defendant and All Star Title is part of a single course of wrongful conduct that is at the heart of this litigation, and that factual issues of the existence and implementation of the kickback agreement are issues of fact shared by all members of the class. (*Id.* at 29.)

Defendant raises three issues that it contends will destroy predominance: (1) standing; (2) fraudulent concealment; and (3) the requirements to state a civil damages claim under RESPA. (ECF No. 47-1 at 20–32.) This Court addresses each argument below in turn.

### a. Standing

With respect to standing, Defendant argues that the individualized analysis that would be required for each class member to demonstrate standing defeats predominance.[9] (ECF No. 47-1 *SEALED* at 21–28.) In short, Defendant argues that "the reasonable amount of fees charged for title and settlement services varies greatly from property to property and depends on many factors" and "to determine whether any particular borrower was overcharged, and

---

[9] At the class certification stage, courts apply the pleading-stage burden to analyze the named Plaintiffs' standing. *Overbey v. Mayor of Balt.*, 930 F.3d 215, 227 (4th Cir. 2019). Defendant does not specifically take issue with the named Plaintiffs' standing, (*see* ECF No. 47-1 at 23–28), and this Court finds that named Plaintiffs' allegations, taken as true, are sufficient to meet Article III standing.

thus suffered a concrete injury sufficient to confer standing, the Court would need to conduct an individualized inquiry into the facts of each member's loan transaction." (*Id.* at 10.)

The defendants in *Brasko*, *Wilson*, and *Remsnyder* raised nearly identical arguments. *See Brasko v. Howard Bank*, No. SAG-20-3489, 2022 U.S. Dist. LEXIS 57627, at *12–14 (D. Md. Mar. 30, 2022); *Wilson v. Eagle Natal Bank*, No. JRR-20-1344, 2023 U.S. Dist. LEXIS 42588, at *25–28(D. Md. Mar. 13, 2023); *Remsnyder v. MBA Mortg. Servs., Inc.*, No. CCB-19-492, 2023 U.S. Dist. LEXIS 158435, at *15–19 (D. Md. Sept. 6, 2023). As was found by Judge Gallagher in *Brasko*, Judge Rubin in *Wilson*, and Judge Blake in *Remsnyder*, this Court finds that questions about absent class members' standing will not predominate in this litigation.

In *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), the Supreme Court recognized that "[a] plaintiff must demonstrate standing 'with the manner and degree of evidence required at the successive stages of the litigation.'" *Id.* at 2208 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). In *Baehr v. Creig Northrop Team, P.C.*, 953 F.3d 244 (4th Cir. 2020), the Fourth Circuit explained that "[i]n a class action, 'we analyze standing based on the allegations of personal injury made by the named plaintiffs.'" *Id.* at 252 (citing *Hutton v. Nat'l Bd. of Exam'rs in Optometry, Inc.*, 892 F.3d 613, 620 (4th Cir. 2018)).

Like the defendants in *Brasko*, *Wilson*, and *Remsnyder*, the position argued by Defendant in the instant case "significantly overreads" *TransUnion. See Brasko*, 2022 U.S. Dist. LEXIS 57627, at *13. While Defendant correctly relies on *TransUnion* to argue that Plaintiffs will need to prove each class member's injury, it does not follow that because Plaintiffs may have suffered different amounts of monetary harm, they are therefore unable to demonstrate each class member's Article III injury—either individually or on a class-wide basis. *Gunnells v.*

*Healthplan Servs., Inc.*, 348 F.3d 417, 427–28 (4th Cir. 2003) ("Rule 23 contains no suggestion that the necessity for individual damage determinations destroys commonality, typicality, or predominance, or otherwise forecloses class certification. In fact, Rule 23 explicitly envisions class actions with such individualized damage determinations."). While Plaintiffs will ultimately need to prove that each class member was injured, the fact that members of the Home Point Class may have been overcharged[10] by different amounts as a result of the kickbacks at issue neither destroys their standing nor the predominance of the common legal and factual issues related to their claims. As noted *supra*, at the class certification stage, the named Plaintiffs are only required to satisfy the pleading-stage burden and are not obliged to demonstrate that every putative class member has standing at the class certification stage. *See Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337, 343 (4th Cir. 2017) ("In a class action matter, we analyze standing based on the allegations of personal injury made by the named plaintiffs.").

### b. Fraudulent Concealment

Next, Defendant argues that Plaintiffs' claims are barred by limitations and that adjudication of Plaintiffs' fraudulent concealment argument would require an individualized assessment for every class member. (ECF No. 47-1 at 28–30.) Specifically, Defendant points out that the proposed class period ends in February 2016, and this lawsuit was filed in October 2020. The statute of limitations for a RESPA violation is one year after the offense, thus Plaintiffs must rely on the doctrine of equitable tolling to avoid the limitations bar. In order

---

[10] As Plaintiffs correctly note, Plaintiffs' theory of injury is not dependent on their ability to show a particular "overcharge" for a particular settlement service, as would be required if Plaintiffs alleged illegal fee splitting under 12 U.S.C.§ 2607(b). Instead, "Plaintiffs must show unlawful 'business referrals' (i.e.[,] kickbacks) under 12 U.S.C. § 2607(a)." *Brasko*, 2022 U.S. Dist. LEXIS 57627, at *7. As such, Plaintiffs must demonstrate that they were injured by "kickbacks or referral fees that tend to increase unnecessarily the costs of certain settlement services." *Baehr*, 953 F.3d at 254 (quoting 12 U.S.C. § 2601(b)(2)).

to avail themselves of tolling, a putative class member must show that: (1) the basis for their RESPA claim was fraudulently concealed by Defendant, and (2) they failed to discover the requisite facts within the statutory period, (3) despite exercising due diligence. *Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 554 (4th Cir. 2019). According to Defendant, this inquiry is highly fact-specific and would require an evaluation of each borrower's individual knowledge.

As Plaintiffs correctly note, (ECF No. 51 at 16–17), the defendant in *Brasko* raised an identical argument, which was rejected by Judge Gallagher, citing several rulings rejecting the same argument under nearly identical circumstances. *Brasko v. Howard Bank*, No. SAG-20-3489, 2022 U.S. Dist. LEXIS 57627, at *19–20 (D. Md. Mar. 30, 2022) (citing *Dobbins v. Bank of Am., N.A.*, No. SAG-17-0540, 2020 U.S. Dist. LEXIS 156315, at *15 (D. Md. Aug. 28, 2020); *James*, 2020 U.S. Dist. LEXIS 96633, at *8–9; *Edmonson v. Eagle Nat'l Bank*, 336 F.R.D. 108, 116 (D. Md. 2020); *Baugh v. Federal Savings Bank*, 337 F.R.D. 100, 110 (D. Md. 2020); *Bezek v. First Mariner Bank*, No. SAG-17-2902, 2020 U.S. Dist. LEXIS 183174, at *6 (D. Md. Oct. 2, 2020)). Like in *Brasko*, the question whether the statute of limitations should be tolled due to fraudulent concealment presents a common question and can be established without individual questions predominating. The Fourth Circuit has articulated the proper standard that courts should employ when deciding whether to equitably toll a statute of limitations based on fraudulent concealment. *Edmondson*, 922 F.3d at 548; *see also Brasko*, 2022 U.S. Dist. LEXIS 57627, at *20. As noted *supra*, "[a] plaintiff must demonstrate: (1) the party pleading the statute of limitations fraudulently concealed facts that are the basis of the plaintiff's claim, and (2) the plaintiff failed to discover those facts within the statutory period, despite (3) the exercise of due diligence." *Edmonson*, 922 F.3d at 548 *(quoting Supermarket of Marlinton, Inc. v.*

*Meadow Gold Dairies, Inc.*, 71 F.3d 119, 122 (4th Cir.1995)).

Despite Defendant's argument to the contrary, Plaintiffs' fraudulent concealment argument hinges on the conduct of Defendant and All Star Title and their efforts to conceal the kickback scheme. As Plaintiffs correctly note, the notice and due diligence elements of the fraudulent concealment test are objective inquiries that can be determined on a class-wide basis. (ECF No. 51 at 16–19); *Edmonson*, 336 F.R.D. at 116 (recognizing that the notice and diligence elements of the fraudulent concealment test are reasonable person inquiries that can be determined on a class-wide basis); *Dobbins*, 2020 U.S. Dist. LEXIS 156315, at *15 ("[W]hether the statute of limitations should be tolled due to fraudulent concealment presents a common question, and can be established without individual issues predominating."). If Defendant uncovers any information that undercuts Plaintiffs' fraudulent concealment argument, it is free to continue to assert its limitations defense throughout this litigation.

### c. Requirements to State a Civil Damages Claim Under RESPA

Defendant also argues that "Defendant argues that "[d]etermining whether any particular putative class member can state a claim under RESPA would require an individual analysis." (ECF No. 47-1 at 30–32). Specifically, Defendant argues that each putative class member must establish that their loan is subject to RESPA and does not fall within an exception to the statute. (*Id.*) Plaintiffs contend, and this Court agrees, that this argument is akin to a Rule 12(b)(6) dismissal motion and is procedurally inappropriate in opposition to a motion for class certification. (ECF No. 51 at 19–21.) Plaintiffs are not required to prove these allegations as to every putative class member at this juncture, nor do such potential variations in the circumstances of individual borrowers defeat commonality or predominance. *See Brasko*

*v. Howard Bank*, No. SAG-20-3489, 2022 U.S. Dist. LEXIS 57627, at *16 (D. Md. Mar. 30, 2022) ("Plaintiffs do not ask this Court to *assume* that [RESPA was violated], they propose *to prove it*. Plaintiffs' proposal to prove that *all* of All Star's payments to marketing companies were in furtherance of its alleged kickback scheme is an issue common to all class members, rather than one that requires individualized analysis.")

In sum, this Court finds that common questions predominate, and none of the various issues raised by Defendant destroy the predominance of common questions pertinent to each class members' claim.

### 2. Superiority

The second requirement of Rule 23(b)(3) is that the Court must determine that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). Four factors should be considered: "(i) the strength of the individual class members' interest in controlling the prosecution and defense of a separate action, (ii) the extent and nature of existing litigation already begun by or against class members, (iii) the desirability or undesirability of concentrating the litigation in the single forum selected by the class plaintiffs, and (iv) the likely difficulties in managing the class action." *Lloyd v. Gen. Motors Corp.*, 275 F.R.D. 224, 228 (D. Md. 2011).

In the instant case, this Court finds that "a class action is superior to other available methods for fairly and efficiently adjudicating [this] controversy." FED. R. CIV. P. 23(b)(3). As discussed above, all Home Point Class members' claims arose out of the same alleged kickback scheme. *See* FED. R. CIV. P. 23(b)(3)(A). As Plaintiffs note, each putative class members' claim, "is tied to proof of this scheme and will necessarily involve overlapping evidence, discovery,

witnesses, and testimony." (ECF No. 37-1 at 32.) Further, the same damages calculation will apply class wide. The Court is not aware of any other litigation against Defendant involving the same claims, or that this forum is improper. *See* FED. R. CIV. P. 23(b)(3)(B)–(C). Nor are there any discernable difficulties in managing the class action at this stage. *See* FED. R. CIV. P. 23(b)(3)(D). If an issue arises, the court may alter or amend the class definition or decertify the class. *See* FED. R. CIV. P. 23(c)(1). Thus, "a class action is more efficient than allowing potentially hundreds of individual claims arising from this purported kickback arrangement." *Edmonson v. Eagle Nat'l Bank*, 336 F.R.D. 108, 116 (D. Md. 2020).

Accordingly, this Court finds that all Rule 23(a) and Rule 23(b)(3) conditions for class certification are met.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Leave to File Sur-Reply (ECF No. 52) is **GRANTED**; Plaintiffs' Motion for Leave to File Supplemental Authority (ECF No. 70) is **GRANTED**; and Plaintiffs' Motion to Certify Class (ECF No. 37) is **GRANTED**.

A separate Order follows.

Dated: October 11, 2023

/s/
_____
Richard D. Bennett
United States District Judge