# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **SANDRA MOYER,** *et al.,* | |
| *Plaintiffs*, | |
| v. | Civil Action No.: 1:20-cv-03449-RDB |
| **MR. COOPER GROUP, INC. f/k/a HOME POINT FINANCIAL CORP. f/k/a MAVERICK FUNDING CORP.,** | |
| *Defendant.* | |

# <u>CLASS ACTION SETTLEMENT AGREEMENT</u>

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (the "Agreement") is made and entered into as of the date of the latest signature to the Agreement (the "Settlement Date"), by and between Sandra Moyer, Richard Martin, Terry Patterson, Jr. and Yvonne Mathews (collectively, "Plaintiffs" or "Class Representatives"), for themselves and as representatives on behalf of The Settlement Class as defined below, their attorneys, Smith, Gildea & Schmidt, LLC, and Joseph, Greenwald & Laake, P.A. (collectively, "Class Counsel"), on the one hand, and Maverick Funding Corporation, Home Point Financial Corporation as successor to Maverick Funding Corporation, and Mr. Cooper Group, Inc. as successor to Home Point Financial Corporation (collectively, "Home Point") on the other hand; (all parties collectively, "Parties").

## RECITALS

WHEREAS, claims have been asserted against Home Point (the "Lawsuit Claims") in the above-captioned putative class action lawsuit titled *Moyer, et al. v. Mr. Cooper Group, Inc., as successor in interest to Home Point Financial Corporation, as successor to Maverick Funding Corporation*, in the United States District Court for the District of Maryland, Civil Action No. 1:20-cv-03449 (the "Lawsuit"), involving the alleged provision of improper benefits by All Star Title, Inc. ("All Star Title") to certain employees of Home Point in exchange for the referral of Home Point borrowers to All Star Title for settlement and title services for their mortgage loans (the "Alleged Referral Scheme") purportedly in violation of the Real Estate Settlement Procedures Act ("RESPA");

WHEREAS, the Class Representatives, through their counsel, have conducted a thorough investigation regarding the Lawsuit Claims through their review of information relating to Home Point mortgage loans closed by All Star Title between January 1, 2014, and August 8, 2016;

1

WHEREAS, based on their discovery and investigation of such claims, the Class Representatives and their counsel concluded that a settlement with Home Point, according to the terms set forth below, is in their best interests and the best interests of the members of the Settlement Class;

WHEREAS, while Home Point denies Plaintiffs' allegations in the Lawsuit, including any and all allegations of unlawful conduct or wrongdoing, and denies that it is or may be liable for any of the Lawsuit Claims, it enters into this Agreement solely to avoid the further expense, inconvenience, and distraction of protracted discovery and further proceedings in the Lawsuit, and does so without any express or implied admission of fact or liability;

**NOW, THEREFORE**, the Parties, in consideration of the promises, covenants, and agreements herein described, and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree as follows:

1.      **Recitals:** The foregoing Recitals and defined terms therein are incorporated in this Agreement.

2.      **Definitions:** In addition to the terms defined in the Recitals, the following terms shall have the meanings set forth below:

2.1     The term "Appellate Courts" refers to the United States Court of Appeals for the Fourth Circuit and the Supreme Court of the United States, as well as any other appellate court that has exercised appellate jurisdiction over any aspect of this Lawsuit.

2.2     The term "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

2.3     The term "Class Member" refers to a member of The Settlement Class.

2.4     The term "Common Fund" refers to the monies that will be funded by Home Point and maintained and disbursed by the Settlement Administrator under the terms of this Agreement from which the Settlement Benefits and Class Representatives' Service Awards will be paid.

2.5     The term "Court" refers to the United States District Court for the District of Maryland.

2.6     The term "Effective Date" refers to the date on which the approval of this Settlement reaches Finality.

2.7     The term "Exclusion Deadline" refers to the date established by the Court and to be set forth in the Notice for the receipt by the Settlement Administrator of any Requests for Exclusion.

2.8     The term "Final Fairness Hearing" refers to the hearing at which the Court shall: (a) determine whether to grant Final Approval to this Settlement; (b) consider any timely objections to this Settlement and all responses thereto; and (c) consider requests for an award of attorneys' fees and expenses to Class Counsel and for Service Awards to the Class Representatives.

2.9     The term "Finality" refers to such time as: (a) the Court has entered both an order granting Final Approval of the Settlement under Federal Rule of Civil Procedure 23(e) ("Final Approval Order") and a final judgment dismissing all claims asserted in the Lawsuit by the Settlement Class against Home Point with prejudice (the "Final Judgment Order"); and (b) either (i) no Party or other person has initiated a timely appeal or otherwise sought review of the Court's Final Approval Order and/or Final Judgment Order or (ii) if the Final Approval Order and/or Final Judgment Order are appealed to one or both of the Appellate Courts, the Court's Final Approval Order and/or Final Judgment Order have been affirmed in their entirety by the Appellate Court of

last resort to which such appeal has been taken, and such affirmance is no longer subject to further appeal or review.

2.10    The term "Group 1" refers to those 222 Class Members whose mortgage loans were originated by a branch led by loan officer John Sebeck or the Blacklick, Ohio branch of Maverick Funding Corporation, which are identified in Exhibit A , attached hereto.

2.11    The term "Group 2" refers to those 451 Class Members who are not part Group 1, which are identified in Exhibit B attached hereto.

2.12    The term "Settlement Class" refers to all individuals in the United States who were borrowers on a federally related mortgage loan (as defined under the Real Estate Settlement Procedures Act, 12 U.S.C § 2602) originated by, brokered by, and/or otherwise obtained from Home Point Financial Corporation f/k/a Maverick Funding Corporation, for which All Star Title, Inc. provided title or settlement services, as identified on the borrower's HUD-1 or Closing Disclosure, between January 1, 2014, and August 8, 2016. Exempted from this class are: (1) any person who, during the period of January 1, 2014 and August 8, 2016, was an employee, officer, member, and/or agent of Home Point Financial Corporation, Maverick Funding Corporation, or All Star Title, Inc., or any of their subsidiary, parent or affiliate entities; (2) any judicial officer who handles this Lawsuit, and the immediate family members of such judicial officer(s); and/or (3) anyone who has elected to be excluded from the Settlement Class pursuant to the Request for Exclusion procedures as defined below.

2.13    The term "Judge" refers to any United States District Judge or Magistrate Judge who is now or later assigned to preside over the Lawsuit while claims are pending against Home Point therein.

2.14    The term "Notice" shall mean, collectively, all Court approved communications by which the Class Members are notified of the Settlement and the Court's preliminary approval thereof, including those to be mailed by the Settlement Administrator to the Class Members, substantially in the form of Exhibit A to this Agreement.

2.15    The term "Notice Deadline" refers to the Court-established deadline for the mailing of the Notice.

2.16    The term "Objection" refers to the timely and complete filing with the Court of a written objection to the Settlement, which includes all information specified in Section 8 of this Agreement.

2.17    The term "Objection Deadline" refers to the date established by the Court and to be set forth in the Notice for the filing with the Court of any Objections to the Settlement.

2.18    The term "Preliminary Fairness Hearing" refers to the hearing at which the Court shall: (a) determine whether to grant preliminary approval to this Settlement; and, if such approval is granted (b) approve the Notice and Notice Plan (as set out in Section 11, below) for the Settlement; (c) establish a date for the Final Fairness Hearing; (d) establish the Objection and Exclusion Deadlines; (e) appoint the Settlement Administrator; and (f) preliminarily enjoin all Class Members who have not first filed a complete and valid Request for Exclusion by the Exclusion Deadline from filing or participating in or benefitting from, as Class Members or named parties, any separate suit or proceeding asserting any claims, demands, and/or counterclaims with respect to matters released in Section 16 of this Agreement.

2.19    The term "Releasees" shall have the meaning set forth in Section 16 of this Agreement.

2.20    The term "Releasors" shall have the meaning set forth in Section 16 of this Agreement.

2.21    The term "Request for Exclusion" refers to a complete written request to be excluded from the Class that includes all information specified in Section 9 of this Agreement and is postmarked on or before the Exclusion Deadline set by the Court.

2.22    The term "Service Awards" refers to Court-approved awards to the Class Representatives, pursuant to Section 12 of this Agreement.

2.23    The term "Settlement" refers to the settlement, release, and final dismissal of claims contemplated by this Agreement.

2.24    The term "Settlement Administrator" refers to the entity engaged to send the Notice of the Settlement, create and maintain the Common Fund, disburse payments to Settlement Class Members and the Class Representatives from the Common Fund, and maintain a website and call center relating to the Settlement.

2.25    The term "Settlement Benefits" refers to the benefits to be remitted under the terms of this Agreement to Class Members as detailed in Section 7 of this Agreement.

2.26    References to a person or entity under this Agreement include their permitted heirs, personal representatives, executors, affiliates, successors, and assigns.

2.27    Whenever the words "include," "includes," or "including" are used in this Agreement, they shall not be limiting, but rather shall be deemed to be followed by the words "without limitation."

2.28    Definitions used herein shall apply to the singular and plural forms of each term defined.

2.29    Definitions used herein shall apply to the masculine, feminine, and neuter genders of each term defined.

**3.    Conditional Nature of Agreement**: This Agreement and the Settlement contemplated hereby are expressly conditioned upon the occurrences of all of the following, which the Parties agree are each material conditions precedent to the payment of Settlement Benefits to Class Members, the payment of any Court-awarded Service Awards, and the payment of any Court-awarded fees and expenses to Class Counsel under this Agreement:

3.1    The Class Representatives' filing with the Court of a Joint Motion for Preliminary Approval of the Settlement to be agreed upon by the Parties;

3.2    The Court's issuance of an Order: (a) granting the Motion referenced in the preceding subsection; (b) preliminarily approving the Settlement without any material modifications not mutually agreed to by the Class Representatives and Home Point; (c) conditionally certifying the Settlement Class identified in this Agreement under Federal Rules of Civil Procedure 23(b)(3) and 23(e) for settlement purposes only; (d) approving the proposed Notice and the Notice Plan; (e) appointing the Settlement Administrator; (f) establishing deadlines and requirements for the filing of Objections to the Settlement; (g) establishing deadlines and requirements for Requests for Exclusion; (h) establishing a date for the Final Fairness Hearing; and (i) preliminarily enjoining Class Members who do not file complete and valid Requests for Exclusion by the Exclusion Deadline from filing suit or asserting any claims, demands, and/or counterclaims with respect to matters released in Section 16 of this Agreement;

3.3    The mailing of the approved Notice to the Settlement Class;

3.4    The expiration of the Objection Deadline and Exclusion Deadline;

3.5     That no more than 5% of Class Members file complete and valid Requests for Exclusion by the Exclusion Deadline, or that Home Point elects, at its option, within fourteen (14) days of the Exclusion Deadline, to proceed with the Settlement even if more than 5% of Class Members file complete and valid Requests for Exclusion by the Exclusion Deadline;

3.6     The Class Representatives' filing with the Court of a mutually-agreed Joint Motion for Final Approval of the Settlement and Entry of Final Judgment dismissing with prejudice all Lawsuit Claims of the Settlement Class asserted in the Lawsuit against Home Point;

3.7     The Court's holding of the Final Fairness Hearing and issuance of an Order: (a) disposing of any objections to the Settlement; (b) granting the Motion referenced in the preceding subsection; (c) granting Final Approval without any material modification to the Settlement not mutually agreed to by the Class Representatives and Home Point and the release of claims set forth in Section 16 of this Agreement by the Class Representatives, on behalf of themselves and all Class Members who did not file complete and valid Requests for Exclusion by the Exclusion Deadline; (d) issuing a Final Judgment Order which dismisses with prejudice all claims of the Class asserted in the Lawsuit against Home Point by the Class Representatives, on behalf of themselves and all Class Members who did not file a complete and valid Request for Exclusion; and (e) permanently enjoining any Class Members who did not file complete and valid Requests for Exclusion by the Exclusion Deadline from filing, participating in, or receiving benefits from any separate suit or any claims, demands, and/or counterclaims with respect to matters released in Section 16 of this Agreement;

3.8     The filing of a Petition for the Award of Fees and Expenses to Class Counsel and a Petition for Service Awards to the Class Representatives, consistent with the terms of this Agreement;

3.9     The Court's issuance of an Order awarding Class Counsel fees and expenses and the Class Representatives' Service Awards, not to exceed the maximum amounts set forth in Sections 12 and 13 of this Agreement;

3.10     The Final Approval Order and Final Judgment Order reaching Finality.

*Should any of these conditions not be met, the Parties agree that the Settlement and the terms of this Agreement shall terminate and be deemed null and void, except for Sections 14, and 17.4 hereof, which will survive the termination of this Agreement*.

**4.     Cooperation by the Parties:** The Parties and their counsel agree to cooperate fully with each other to promptly execute all documents and take all steps necessary to effectuate the terms and conditions of this Agreement. The Parties and their counsel further agree to support the Final Approval of this Agreement and the Settlement, including against any appeal of the Final Approval and Final Judgment Orders and any collateral attack on the Settlement or the Final Approval and Final Judgment Orders.

**5.     Class Member List:**

5.1     The Parties have identified borrowers on 673 federally related mortgage loans (as defined under the Real Estate Settlement Procedures Act, 12 U.S.C § 2602) originated by, brokered by, and/or otherwise obtained from Home Point Financial Corporation f/k/a Maverick Funding Corporation for which All Star Title provided a title or settlement service, as identified on the HUD-1, between January 1, 2014, and August 8, 2016. Exempted from this class are: (1) any person who, during the period of January 1, 2014 and August 8, 2016, was an employee, officer, member, and/or agent of Home Point Financial, Maverick Funding Corporation, or All Star Title, Inc., or any of their subsidiary, parent or affiliate entities; (2) any judicial officer who handles this Lawsuit, and the immediate family members of such judicial officer(s); and/or (3) anyone who has

elected to be excluded from the Settlement Class pursuant to the Request for Exclusion procedures as defined below.

5.2    The Parties agree and stipulate that the final Class Member List includes all known eligible Class Members. Neither the Parties nor their Counsel are aware of any eligible Class Members that are not included on the final Class Member List.

**6.    Common Fund**:

6.1    Within twenty-one (21) days after the Final Approval Order, Home Point shall remit to the Settlement Administrator:

(a)    $243,090 constituting the monies to fully fund the Settlement Benefits for 222 Class Members in Group 1;

(b)    $76,670 constituting the funds to fully fund the Settlement Benefits for 451 Class Members in Group 2; and

(c)    $6,000 constituting the monies to fully fund the Class Representatives' Service Awards as provided in § 12 of this Agreement and approved by the Court.

6.2    All of these funds shall be maintained by the Settlement Administrator in an interest-bearing Common Fund account to be held in escrow for purposes of effectuating this Agreement. Any funds remaining in the Common Fund account more than one hundred eighty (180) days after Finality shall be remitted by the Settlement Administrator to Home Point with interest earned on the Common Fund.

7.    **Settlement Benefits**:

7.1    Within twenty-one (21) days after Finality, the Settlement Administrator shall issue a check from the Common Fund account to each eligible Class Member as follows:

(a)    a check to each member of Group 1 who did not file a complete and valid Request for Exclusion by the Exclusion Deadline in an amount equal to $1,095.00; and

(b)    a check to each member of Group 2 who did not file a complete and valid Request for Exclusion by the Exclusion Deadline in an amount equal to $170.00.

7.2    To the extent that there is more than one borrower on a Home Point loan subject to this Settlement, the co-borrowers shall be deemed to be one Class Member and Settlement Benefits shall be paid by check payable jointly to the co-borrowers on such loan.

7.3    The Settlement Administrator shall mail Settlement Benefits checks by first-class mail to the attention of the borrower and any co-borrower(s) at the last known address available for the primary borrower.

7.4    Upon receipt of a joint settlement benefit check, any co-borrower(s) may contact the Settlement Administrator and request that the Settlement Benefits be split evenly between/among each co-borrower, and the Settlement Administrator shall reissue separate Settlement Benefit checks in such amount to each co-borrower.  In no event shall Home Point have any responsibility for administering any such split that may be requested.

7.5    Upon notice of a deceased co-borrower, the Settlement Administrator shall re-issue the Settlement Benefits to the surviving co-borrower(s), if any, and if requested by the surviving co-borrower(s). If there is more than one surviving co-borrower, the Settlement Administrator shall split the Settlement Benefits as evenly as possible and issue separate Settlement Benefit

checks to effectuate such split. In no event shall Home Point have any responsibility for administering any such split that may be requested.

7.6     In the case of a deceased Class Member, the estate of the deceased Class Member shall be entitled to exercise all of the rights of the deceased Class Member available under this Settlement, including to receive Settlement Benefits and/or to object to or request exclusion from the Settlement, and the estate of any deceased Class Member covered by this Settlement will be subject to the release in Section 16 of this Agreement and all other provisions of this Agreement as if the estate were a member of the Class. For purposes of this paragraph, only the person(s) authorized by probate court order to represent the Class Member's estate, or who are otherwise authorized pursuant to the probate laws applicable to the deceased Class Member to represent the Class Member's estate, may act on behalf of the estate. The person(s) authorized to act on behalf of the estate of any deceased Class Member may contact the Settlement Administrator about any issues related to this Settlement which affect the estate, and the Settlement Administrator, Home Point, Class Counsel, and the estate shall work together in good faith to resolve any issues related to the applicability of the settlement to deceased class members and their estates, including the manner in which and to whom Settlement Benefits are distributed. The representative of the estate of a deceased class member shall be required to provide to the Settlement Administrator reasonable proof or other evidence or documentation showing that the class member is deceased and that the representative is authorized to act on behalf of the estate of the deceased Class Member.

7.7     Settlement Benefits checks shall be notated as void after ninety (90) days from the date thereof. If a Settlement Benefits check remains un-negotiated after one hundred (100) days from the date of the check, the Settlement Administrator shall undertake an updated address verification for the primary borrower and, if that address is different than the address to which the

Settlement Benefits were initially mailed, the Settlement Administrator shall stop payment on the uncashed Settlement Benefits check, reissue a replacement Settlement Benefits check to the payee(s), and mail the replacement check by first-class mail to the updated address for the primary borrower. If a Settlement Benefits check is returned as undeliverable, the Settlement Administrator shall undertake an updated address verification for the primary borrower, reissue a replacement Settlement Benefits check to the payee(s), and mail the replacement check by first-class mail to the updated address for the primary borrower, if any.

8.     **Right To Object To The Settlement**: Any Class Member shall have the right to object to the Settlement by filing a written objection with the Court at the address listed in the Notice and by mailing a copy thereof to the Parties' counsel, not later than the Objections Deadline established by the Court, which shall not be more than forty-five (45) days after the date the Notice is mailed to the Settlement Class, or as otherwise ordered by the Court. All Objections must be personally signed by the person(s) making the objection or an attorney or legal guardian authorized to act on their behalf and must set forth in detail each component of the Settlement to which they object, the reasons for each such objection, and any evidence or legal authority that they wish the Court to consider in support thereof. Objections must also include the objector's full name and current address, the full name and current address of any co-borrower(s) on their Home Point mortgage loan, the address of the property which secured their Home Point mortgage loan, and an affirmation, under penalty of perjury, that the person on whose behalf the objection is filed and their co-borrower(s), if any, object to the Settlement. If the person on whose behalf the objection is filed, or an attorney or legal guardian authorized to act on their behalf, intends to appear at the Final Fairness Hearing, the Objection must so state. Objections will be considered at the Final Fairness Hearing, if not previously withdrawn.

9. **Right To Be Excluded (Opt-Out) From The Settlement**: Any Class Member shall have the right to opt-out of the Settlement by sending a written Request for Exclusion from the Settlement Class to the Settlement Administrator at the address listed in the Notice, which must be postmarked to the Settlement Administrator no later than the Exclusion Deadline set by the Court, which shall not be more than forty-five (45) days after the date the Notice is mailed to the Settlement Class, or as otherwise ordered by the Court. Requests for Exclusion must be personally signed by the person requesting exclusion from the Class and any co-borrower(s) on their Home Point mortgage loan, and must include the requestor's full name and current address, the full name and current address of any co-borrower(s) on their Home Point mortgage loan, the address of the property which secured their Home Point mortgage loan, and an affirmation, under penalty of perjury, that the requestor seeking to be excluded from the Class and their co-borrower(s), if any, wish to opt-out of the Settlement Class and understand that, in doing so, they will not be entitled to any Settlement Benefits under the Settlement. For any Home Point loan that is subject to this Settlement for which there is more than one borrower, any request for exclusion must be signed by each borrower unless the borrower certifies that any co-borrower not signing is deceased or medically unable to sign a Request for Exclusion.

10. **Settlement Administrator:**

10.1    The Parties agree that the Settlement Administrator shall be recommended by Class Counsel and that Home Point shall have the right to approve the selection of same, subject to Court approval.

10.2    Class Counsel shall retain and pay the Settlement Administrator for costs and expenses up to $15,000.00 and Home Point agrees to reimburse Class Counsel for said costs and expenses up to $15,000.00 or such lesser amount(s) as actually incurred.  Any expenses of the

Settlement Administrator in excess of $15,000.00 shall be paid solely by Class Counsel and not Home Point.

10.3    The Settlement Administrator shall undertake an initial verification to update all Class Members addresses using the Melissa Data Corp., Interactive Data, or a similar database, in addition to the National Change of Address dataset maintained by the United States Postal Service. After Notice has been issued, for any Notice that is returned to the Settlement Administrator as undeliverable to the Class Member, the Settlement Administrator shall undertake additional research, including without limitation using contact information in the All Star Title database, in an attempt to contact the Class Member and, if an updated address is found, reissue notice.

10.4    The Settlement Administrator shall be responsible for administering the Settlement, including:

(a)    sending Notice to all Class Members pursuant to Section 11 of this Agreement;

(b)    preparing reports regarding the Notice, as directed by the Parties' counsel and the Court;

(c)    accepting and reporting on Requests for Exclusion received by the Exclusion Deadline;

(d)    maintaining a call center relating to the Settlement;

(e)    remitting payments from the Common Fund for Settlement Benefits payable to eligible Class Members and the court-approved Service Awards to the Class Representatives, as well as reissuing Settlement Benefit checks as provided herein;

(f)      issuing 1099s to Settlement Class Members, Class Representatives, and Class Counsel and complying with all applicable tax laws relating to settlement funds administered by the Settlement Administrator; and

(g)      such other duties as directed by the Parties, provided that any modification of the duties referenced in this Section must be agreed by all Parties.

10.5    The Class Representatives and Class Counsel hereby consent to the release by Home Point to the Settlement Administrator of the names, addresses, and social security numbers for Class Members solely for the purposes of fulfilling the Settlement Administrator's duties under this Agreement, which information shall be maintained as confidential by the Settlement Administrator and shall be destroyed by the Settlement Administrator at the conclusion of its duties.

**11.    Notice of the Settlement**:

11.1    Notice of the Settlement shall be provided through a Court-approved Notice Plan which shall include the mailing of the Notice to the Class Members and postings on the Settlement Website under this Settlement.

11.2    As soon as practicable after the Preliminary Approval of the Settlement, but not later than twenty-one (21) days following entry of the Preliminary Approval Order, the Settlement Administrator shall mail:

(a)      to the members of Group 1, a Court-approved Notice substantially in the form attached as Exhibit C and

(b)      to the members of Group 2, a Court-approved Notice substantially in the form attached as Exhibit D.

16

11.3    The Notices shall be sent by first-class mail to the attention of the borrower and any co-borrower(s) at the last known address available for the primary borrower.

**12.    Class Representatives' Service Awards:** The Class Representatives shall have the right to petition the Court, no later than fourteen (14) days before the Final Fairness Hearing, for Service Awards not to exceed one thousand five hundred dollars ($1,500.00) per loan. Such Service Awards shall be paid in addition to Settlement Benefits to which the Class Representatives might be entitled. While Home Point has no obligation to support any such Petition, they agree not to object to a Petition for Service Awards filed by the Class Representatives, provided they are consistent with this Section.   In no event shall Home Point be responsible for any Class Representative Service Award in excess of $1,500.00 per Class Representative or $6,000.00 in total for all four current Class Representatives.

**13.    Class Counsel's Attorneys' Fees and Expenses:**

Class Counsel shall have the right to petition the Court, no later than fourteen (14) days before the Final Fairness Hearing, for an award of attorneys' fees and expenses in the amount of four hundred fifty thousand dollars ($450,000.00) for fees and expenses incurred in the prosecution and settlement of the Lawsuit Claims pursuant to the Local Rules of the Court (a "Petition for Fees and Expenses"), all of which are to be paid by Home Point in addition to and not out of the Settlement Benefits. If approved by the Court and affirmed on appeal (if any), Home Point will wire Class Counsel four hundred fifty thousand dollars ($450,000.00), or such lesser amount approved by the Court and affirmed on appeal (if any), within twenty-one (21) days of Finality, provided that Class Counsel has provided Home Point's counsel in advance with a properly completed and signed W-9 using the IRS's most recent version of the W-9 form and Class Counsel's wire instructions in writing.   While Home Point has no obligation to support Class

17

Counsel's Petition for Fees and Expenses, they agree not to object to any such Petition if Class Counsel seeks an award of four hundred fifty thousand dollars ($450,000.00). In no event shall Home Point be responsible for any Class Counsel Attorneys' Fees and Expenses in excess of $450,000 in this Lawsuit.

**14.       Restoration of Rights, Claims, and Defenses in the Event of Non-Approval:**

In the event that the Settlement under this Agreement does not receive Preliminary and/or Final Approval by the Court, or in the event that the Orders of the Court approving the Settlement do not reach Finality, this Agreement shall terminate and be deemed null and void, and all negotiations, filings, documents, orders, and proceedings relating thereto shall not be discoverable or admissible in the Lawsuit or otherwise, and the termination of the Settlement shall be without prejudice to the rights of the Parties hereto, who shall be restored to their respective positions and retain all of their rights and defenses existing immediately prior to execution of this Settlement and as if no settlement negotiations had occurred between the Parties.  For the avoidance of all doubt, if Home Point has already paid any funds pursuant to this Agreement, and the orders of the Court approving the Settlement do not reach Finality or the Settlement is otherwise terminated, any such funds shall be promptly returned to Home Point. This provision will survive termination of this Agreement.

**15.       Mutual Non-Disparagement:**

The Parties agree that the Class Representatives and Class Counsel will not disparage Home Point or its counsel. Similarly, Home Point and its counsel will not disparage the Class Representatives or Class Counsel.

**16.       Release, Waiver, and Covenant Not to Sue:**

16.1    In consideration of the Settlement Benefits and payments specified in this Agreement, and for other good and valuable consideration, the sufficiency of which is hereby agreed and acknowledged, upon the Effective Date, the Class Representatives and all Class Members who do not timely exclude themselves from the Settlement, and all of their respective heirs, executors, personal representatives, agents, successors, and assigns (together "the Releasors"), and Class Counsel, shall by virtue of this Settlement and its Final Approval, fully release, remise, resolve, waive, acquit, and forever discharge Home Point, its predecessors, successors, assigns, parents, subsidiaries, affiliates, and all of their respective past, present and future agents, directors, officers, employees, shareholders, insurers, representatives, and attorneys (together "the Releasees") of and from any and all the Released Claims (as defined below).

16.2    The term "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, and whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that any of the Releasors have, had, and/or may have against any of the Releasees related to: (a) the matters alleged and claims asserted in the Lawsuit and/or matters and claims that could have been alleged therein based in whole or in part on the facts alleged in the complaints filed in the Lawsuit; (b) the origination and origination-related servicing of the loans that are the subject of the Lawsuit; (c) All Star Title's closing of and/or provision of settlement and/or title services on the Home Point loans that are the subject of the Settlement; (d)

19

the referral of business to All Star from Home Point and/or any of its employees, agents, owners, officers or directors and/or any of its predecessors or affiliated entities on the Home Point loans that are the subject of the Settlement  (e) any benefit(s), payment(s), and/or thing(s) of value received by Home Point and/or any of its employees, agents, owners, officers or directors from All Star Title and/or any of its related or affiliated entities on the Home Point loans that are the subject of the Settlement; and (f) any benefit(s), payment(s), and/or thing(s) of value received by All Star Title or any of its related or affiliated entities from Home Point and/or any of its employees, agents, owners, officers or directors on the Home Point loans that are the subject of the Settlement; and (g) any representation or omission concerning the loans that are the subject of the Settlement or the services provided by All Star or any of its employees, agents, owners, officers or directors and or any of its related or affiliated entities  (collectively the "Released Claims"). The Parties shall request that this Release be included in the Final Approval Order and Final Judgment Order entered in these cases.

16.3    The Class Representatives and each Class Member further agree and covenant not to sue any of the Releasees with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum, except for claims related to disputes or enforcement pertaining to this Settlement Agreement.

16.4    Without limiting the foregoing, the Released Claims specifically extend to claims that the Releasees do not know or suspect exist in their favor at the time that the Settlement and the releases contained therein become effective. This Section includes a waiver, without limitation as to any other applicable law, of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER

FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Class Representatives for themselves and the Class Members expressly agree to, and understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and *similar federal and state statutes, case law, rules, or regulations relating to limitations on releases*. In connection with such waivers and relinquishment, the Class Representatives and the Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever, all Released Claims with respect to the Releasees and, in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

**17.    Miscellaneous:**

17.1    This Agreement and the Settlement, whether or not granted Final Approval and whether or not a final judgment is entered, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by Home Point, or of the truth of any of the claims or allegations made in the Lawsuit, and shall not be used for purposes outside of this Lawsuit unless required by law. This provision will survive termination of this Agreement.

17.2    Home Point shall be responsible for serving its requisite CAFA Notices to the applicable officials within fourteen (14) days after the filing of the Preliminary Approval Motion. No later than ten (10) days before the deadline for filing the Motion for Final Approval, Home Point shall notify Class Counsel of any response to its CAFA Notices or within a reasonable

amount of time if such response is received by Home Point less than ten (10) days before the deadline for filing the Motion for Final Approval.

17.3    Class Counsel shall maintain in confidence and shall not produce to persons or entities who are not a party to this Agreement, personal, confidential, and financial information relating to Class Members now or hereafter acquired by them absent a specific Court order requiring the production of information, after using their best efforts to resist the production thereof, and then only if such information is redacted to the extent feasible. This obligation shall survive the termination of this Agreement.

17.4    The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement.

17.5    This Agreement shall be governed by and interpreted according to the laws of the State of Maryland, without regard to its choice of law or conflict of laws principles, except as to federal law relating to class action settlements under Fed. R. Civ. Proc. 23.

17.6    This Agreement constitutes the entire agreement among the Parties pertaining to the settlement of the action and supersedes any and all prior and contemporaneous undertakings in connection therewith.

17.7    This Agreement may be modified or amended only by a writing executed by the Class Representatives, Class Counsel, and Home Point, and approved by the Court. Neither Plaintiffs nor Home Point shall be obligated to accept any modification of this Settlement proposed by the Court or by anyone else.

17.8    Neither Home Point, nor Plaintiffs or Class Counsel, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

17.9    Where this Agreement requires any party to provide notice or any other communication or document to any other party, such notice, communication, or document shall be provided by a letter sent by overnight delivery to the following persons:

If to Home Point:

Thomas V. Panoff
Sheppard Mullin Richter & Hampton LLP
321 North Clark Street, 32nd Floor
Chicago, Illinois 60654

If to Class Representatives:

Michael Paul Smith
Melissa English
Smith, Gildea & Schmidt, LLC
600 Washington Avenue, Suite 200
Towson, MD 21204

Timothy J. Maloney
Veronica B. Nannis
Joseph, Greenwald & Laake, PA
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770

17.10    The Parties have carefully and fully read this document and discussed it with their respective attorneys or have been given the opportunity to do so; they understand all terms and conditions of this Agreement; they accept and execute this Agreement as their own free and voluntary act, and with the intent and capacity to be legally bound.

17.11    This Agreement may be executed in multiple identical counterparts, each of which when fully executed shall be deemed an original, but in making proof of this Agreement, it shall not

be necessary to produce or account for more than one such counterpart. Signatures may be original or facsimile or scanned copies. This Agreement may be executed by the Parties' counsel using a nationally recognized electronic signature vendor, such as Docu-Sign and/or Hello Sign.

[SIGNATURES ON THE FOLLOWING PAGES]

IN WITNESS WHEREOF, the parties have executed this Agreement under seal:

WITNESS OR ATTEST:


_____    _____
Date                                Sandra Moyer


_____    _____
Date                                Richard Martin


_____    _____
Date                                Terry Patterson


Jun 18, 2024                        *Yvonne Mathews*
_____    _____
Date                                Yvonne Mathews


                                    SMITH, GILDEA & SCHMIDT, LLC:

_____    By:_____
Date                                Michael Paul Smith, Authorized Member


                                    JOSEPH, GREENWALD & LAAKE, P.A.:

_____    By:_____
Date                                Timothy F. Maloney, Authorized Principal


                                    MR.    COOPER    GROUP,    INC.    AS
                                    SUCCESSOR    TO    HOME    POINT
                                    FINANCIAL CORPORATION:

_____    By:_____
Date


                                    SHEPPARD    MULLIN    RICHTER    &
                                    HAMPTON  LLP:

_____    By:_____
Date                                Thomas V. Panoff, Attorney for Mr. Cooper
                                    Group, Inc. as successor to Home Point
                                    Financial Corporation

# Settlement Agreement - Final and Signature corrected

Final Audit Report                                               2024-06-18

| | |
|---|---|
| Created: | 2024-06-18 |
| By: | Renee Barmak (rbarmak@sgs-law.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA8xdxUHJ9rIApxQptRXDyTeR2eTfPXXmS |

## "Settlement Agreement - Final and Signature corrected" History

Document created by Renee Barmak (rbarmak@sgs-law.com)
2024-06-18 - 6:20:11 PM GMT

Document emailed to yvomath4@gmail.com for signature
2024-06-18 - 6:20:52 PM GMT

Email viewed by yvomath4@gmail.com
2024-06-18 - 7:04:23 PM GMT

Signer yvomath4@gmail.com entered name at signing as Yvonne Mathews
2024-06-18 - 7:06:24 PM GMT

Document e-signed by Yvonne Mathews (yvomath4@gmail.com)
Signature Date: 2024-06-18 - 7:06:26 PM GMT - Time Source: server

Agreement completed.
2024-06-18 - 7:06:26 PM GMT

Adobe Acrobat Sign

IN WITNESS WHEREOF, the parties have executed this Agreement under seal:

WITNESS OR ATTEST:


_____          _____
Date                                       Sandra Moyer


 Jun 18, 2024                               _____
_____            Richard Martin
Date                                       Richard Martin (Jun 18, 2024 16:13 EDT)


_____          _____
Date                                       Terry Patterson


_____          _____
Date                                       Yvonne Matthew


                                          SMITH, GILDEA & SCHMIDT, LLC:

_____          By:_____
Date                                       Michael Paul Smith, Authorized Member


                                          JOSEPH, GREENWALD & LAAKE, P.A.:

_____          By:_____
Date                                       Timothy F. Maloney, Authorized Principal


                                          MR.    COOPER    GROUP,    INC.    AS
                                          SUCCESSOR    TO    HOME    POINT
_____          FINANCIAL CORPORATION:

                                          By:_____
_____
Date


                                          SHEPPARD    MULLIN    RICHTER    &
                                          HAMPTON  LLP:

_____          By:_____
Date                                       Thomas V. Panoff, Attorney for Mr. Cooper
                                           Group, Inc. as successor to Home Point
                                           Financial Corporation

# Settlement Agreement - Final and Signature PDF

Final Audit Report    2024-06-18

| | |
|---|---|
| Created: | 2024-06-18 |
| By: | Renee Barmak (rbarmak@sgs-law.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAnfDPChUvTeMoodDNQoKIm1f2Pk5sfPgD |

## "Settlement Agreement - Final and Signature PDF" History

📄 Document created by Renee Barmak (rbarmak@sgs-law.com)
2024-06-18 - 2:47:36 PM GMT

✉ Document emailed to richardwayne358@gmail.com for signature
2024-06-18 - 2:48:06 PM GMT

📄 Email viewed by richardwayne358@gmail.com
2024-06-18 - 8:11:18 PM GMT

✍ Signer richardwayne358@gmail.com entered name at signing as Richard Martin
2024-06-18 - 8:13:55 PM GMT

✍ Document e-signed by Richard Martin (richardwayne358@gmail.com)
Signature Date: 2024-06-18 - 8:13:57 PM GMT - Time Source: server

✅ Agreement completed.
2024-06-18 - 8:13:57 PM GMT

IN WITNESS WHEREOF, the parties have executed this Agreement under seal:

WITNESS OR ATTEST:

_____
Date

_____
Sandra Moyer


_____
Date

_____
Richard Martin


Jun 18, 2024
_____
Date

_____
Terry a patterson jr ( Jun 18, 2024 11:02 EDT)
Terry Patterson


_____
Date

_____
Yvonne Matthew


SMITH, GILDEA & SCHMIDT, LLC:

_____
Date

By:_____
Michael Paul Smith, Authorized Member


JOSEPH, GREENWALD & LAAKE, P.A.:

_____
Date

By:_____
Timothy F. Maloney, Authorized Principal


MR.   COOPER   GROUP,   INC.   AS
SUCCESSOR   TO   HOME   POINT
FINANCIAL CORPORATION:

By:_____

_____
Date


SHEPPARD   MULLIN   RICHTER   &
HAMPTON  LLP:

By:_____

_____
Date
Thomas V. Panoff, Attorney for Mr. Cooper
Group, Inc. as successor to Home Point
Financial Corporation

# Settlement Agreement - Final and Signature PDF

Final Audit Report                                         2024-06-18

| | |
|---|---|
| Created: | 2024-06-18 |
| By: | Renee Barmak (rbarmak@sgs-law.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAATKTV_Pja5fFp3FBjvXjj1GpES-GzGHe8 |

## "Settlement Agreement - Final and Signature PDF" History

Document created by Renee Barmak (rbarmak@sgs-law.com)
2024-06-18 - 2:51:41 PM GMT

Document emailed to tpatterson4@hotmail.com for signature
2024-06-18 - 2:52:08 PM GMT

Email viewed by tpatterson4@hotmail.com
2024-06-18 - 3:00:57 PM GMT

Signer tpatterson4@hotmail.com entered name at signing as Terry a patterson jr
2024-06-18 - 3:02:35 PM GMT

Document e-signed by Terry a patterson jr (tpatterson4@hotmail.com)
Signature Date: 2024-06-18 - 3:02:37 PM GMT - Time Source: server

Agreement completed.
2024-06-18 - 3:02:37 PM GMT

Adobe Acrobat Sign

IN WITNESS WHEREOF, the parties have executed this Agreement under seal:

WITNESS OR ATTEST:

| | |
|---|---|
| Jun 18, 2024 | *Sandra Moyer* |
| | Sandra Moyer (Jun 18, 2024 13:48 EDT) |
| Date | Sandra Moyer |

<br>

| | |
|---|---|
| Date | Richard Martin |

<br>

| | |
|---|---|
| Date | Terry Patterson |

<br>

| | |
|---|---|
| Date | Yvonne Matthew |

SMITH, GILDEA & SCHMIDT, LLC:

By:_____

Date    Michael Paul Smith, Authorized Member

JOSEPH, GREENWALD & LAAKE, P.A.:

By:_____

Date    Timothy F. Maloney, Authorized Principal

MR. COOPER GROUP, INC. AS SUCCESSOR TO HOME POINT FINANCIAL CORPORATION:

By:_____

Date

SHEPPARD MULLIN RICHTER & HAMPTON LLP:

By:_____

Date    Thomas V. Panoff, Attorney for Mr. Cooper Group, Inc. as successor to Home Point Financial Corporation

# Settlement Agreement - Final and Signature PDF - Moyer

Final Audit Report                                                    2024-06-18

| | |
|---|---|
| Created: | 2024-06-18 |
| By: | Renee Barmak (rbarmak@sgs-law.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAln7GPXuENjP6C4gqDMzxUV7xbVnv6TRE |

## "Settlement Agreement - Final and Signature PDF - Moyer" History

Document created by Renee Barmak (rbarmak@sgs-law.com)
2024-06-18 - 2:37:27 PM GMT

Document emailed to moyerfamily00@yahoo.com for signature
2024-06-18 - 2:38:17 PM GMT

Email viewed by moyerfamily00@yahoo.com
2024-06-18 - 5:42:49 PM GMT

Signer moyerfamily00@yahoo.com entered name at signing as Sandra Moyer
2024-06-18 - 5:48:17 PM GMT

Document e-signed by Sandra Moyer (moyerfamily00@yahoo.com)
Signature Date: 2024-06-18 - 5:48:19 PM GMT - Time Source: server

Agreement completed.
2024-06-18 - 5:48:19 PM GMT

**Adobe Acrobat Sign**

IN WITNESS WHEREOF, the parties have executed this Agreement under seal:

WITNESS OR ATTEST:


_____
Date                                                          _____
                                                                      Sandra Moyer


_____
Date                                                          _____
                                                                      Richard Martin


_____
Date                                                          _____
                                                                      Terry Patterson


_____
Date                                                          _____
                                                                      Yvonne Mathews


                                                                      SMITH, GILDEA & SCHMIDT, LLC:

  Jun 19, 2024                                            By: _____
_____                        michael smith (Jun 19, 2024 11:41 EDT)
Date                                                          Michael Paul Smith, Authorized Member


                                                                      JOSEPH, GREENWALD & LAAKE, P.A.:

                                                                      By: _____
_____
Date                                                          Timothy F. Maloney, Authorized Principal


                                                                      MR.    COOPER    GROUP,    INC.    AS
                                                                      SUCCESSOR    TO    HOME    POINT
                                                                      FINANCIAL CORPORATION:

                                                                      By: _____
_____
Date


                                                                      SHEPPARD    MULLIN    RICHTER    &
                                                                      HAMPTON  LLP:

                                                                      By: _____
_____
Date                                                          Thomas V. Panoff, Attorney for Mr. Cooper
                                                                      Group, Inc. as successor to Home Point
                                                                      Financial Corporation

# Settlement Agreement - Final and Signature PDF

Final Audit Report                                                    2024-06-19

| | |
|---|---|
| Created: | 2024-06-19 |
| By: | Renee Barmak (rbarmak@sgs-law.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAOROLTH6uXBhInBH5i0XRs2T7aReSiFvU |

## "Settlement Agreement - Final and Signature PDF" History

Document created by Renee Barmak (rbarmak@sgs-law.com)
2024-06-19 - 3:35:34 PM GMT

Document emailed to michael smith (mpsmith@sgs-law.com) for signature
2024-06-19 - 3:36:04 PM GMT

Email viewed by michael smith (mpsmith@sgs-law.com)
2024-06-19 - 3:40:27 PM GMT

Document e-signed by michael smith (mpsmith@sgs-law.com)
Signature Date: 2024-06-19 - 3:41:01 PM GMT - Time Source: server

Agreement completed.
2024-06-19 - 3:41:01 PM GMT

Adobe Acrobat Sign

IN WITNESS WHEREOF, the parties have executed this Agreement under seal:

WITNESS OR ATTEST:

_____
Date                                                    _____
                                                              Sandra Moyer

_____
Date                                                    _____
                                                              Richard Martin

_____
Date                                                    _____
                                                              Terry Patterson

_____
Date                                                    _____
                                                              Yvonne Mathews

                                                              SMITH, GILDEA & SCHMIDT, LLC:

_____
Date                                                    By:_____
                                                              Michael Paul Smith, Authorized Member

                                                              JOSEPH, GREENWALD & LAAKE, P.A.:

 Jun 19, 2024                                     By:_____
_____
Date                                                    Timothy F. Maloney, Authorized Principal

                                                              MR.    COOPER    GROUP,    INC.    AS
                                                              SUCCESSOR    TO    HOME    POINT
                                                              FINANCIAL CORPORATION:

_____                 By:_____
Date

                                                              SHEPPARD    MULLIN    RICHTER    &
                                                              HAMPTON  LLP:

_____                 By:_____
Date                                                    Thomas V. Panoff, Attorney for Mr. Cooper
                                                              Group, Inc. as successor to Home Point
                                                              Financial Corporation

# Settlement Agreement - Final and Signature PDF

Final Audit Report                                      2024-06-19

| | |
|---|---|
| Created: | 2024-06-19 |
| By: | Renee Barmak (rbarmak@sgs-law.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAcm7WtHiVaZH8-P6SKhkFq1GzCjzC2Ucu |

## "Settlement Agreement - Final and Signature PDF" History

📄 Document created by Renee Barmak (rbarmak@sgs-law.com)
   2024-06-19 - 3:34:35 PM GMT

✉ Document emailed to Timothy Maloney (tmaloney@jgllaw.com) for signature
   2024-06-19 - 3:35:11 PM GMT

📄 Email viewed by Timothy Maloney (tmaloney@jgllaw.com)
   2024-06-19 - 3:41:57 PM GMT

✍ Document e-signed by Timothy Maloney (tmaloney@jgllaw.com)
   Signature Date: 2024-06-19 - 3:42:59 PM GMT - Time Source: server

✅ Agreement completed.
   2024-06-19 - 3:42:59 PM GMT



Adobe Acrobat Sign

IN WITNESS WHEREOF, the parties have executed this Agreement under seal:

WITNESS OR ATTEST:

_____          _____
Date                                       Sandra Moyer


_____          _____
Date                                       Richard Martin


_____          _____
Date                                       Terry Patterson


_____          _____
Date                                       Yvonne Matthew


                                           SMITH, GILDEA & SCHMIDT, LLC:

_____          By:_____
Date                                       Michael Paul Smith, Authorized Member


                                           JOSEPH, GREENWALD & LAAKE, P.A.:

_____          By:_____
Date                                       Timothy F. Maloney, Authorized Principal


                                           MR.    COOPER    GROUP,    INC.    AS
                                           SUCCESSOR    TO    HOME    POINT
                                           FINANCIAL CORPORATION:

                                           By:_____
  June 21, 2024                            LeAllen Frost, Vice President & Associate
Date                                       General Counsel


                                           SHEPPARD    MULLIN    RICHTER    &
                                           HAMPTON  LLP:

                                           By:_____
  June 21, 2024                            Thomas V. Panoff, Attorney for Mr. Cooper
Date                                       Group, Inc. as successor to Home Point
                                           Financial Corporation

| Group 1 Settlement Class Members | | | | |
| Loan Number | Settlement Date | Borrower 1 | Borrower 2 | Property Address | Property City, State and Zip |
| | 11/20/2015 | | | | Miami, FL 33186 |
| | 6/16/2014 | | | | Finksburg, MD 21048 |
| | 6/5/2014 | | | | Aberdeen, MD 21001 |
| | 9/10/2014 | | | | Baltimore, MD 21286 |
| | 6/6/2014 | | | | Baltimore, MD 21222 |
| | 7/31/2014 | | | | Baltimore, MD 21202 |
| | 7/3/2014 | | | | Baltimore, MD 21206 |
| | 7/1/2014 | | | | Westminster, MD 21158 |
| | 7/1/2014 | | | | Sykesville, MD 21784 |
| | 7/25/2014 | | | | Westminster, MD 21158 |
| | 8/8/2014 | | | | Lutherville Timonium, MD 21093 |
| | 8/29/2014 | | | | Baltimore, MD 21208 |
| | 9/23/2014 | | | | Manchester, MD 21102 |
| | 7/31/2014 | | | | Baltimore, MD 21211 |
| | 10/20/2014 | | | | Baltimore, MD 21206 |
| | 2/26/2015 | | | | Winchester, VA 22602 |
| | 9/8/2014 | | | | Perry Hall, MD 21128 |
| | 8/18/2014 | | | | Columbia, MD 21045 |
| | 7/31/2014 | | | | Baltimore, MD 21221 |
| | 1/9/2015 | | | | Reisterstown, MD 21136 |
| | 9/18/2014 | | | | Dundalk, MD 21222 |
| | 9/17/2014 | | | | Upper Marlboro, MD 20774 |
| | 10/9/2014 | | | | Baltimore, MD 21220 |
| | 8/15/2014 | | | | Ellicott City, MD 21042 |
| | 8/29/2014 | | | | Baltimore, MD 21212 |
| | 11/21/2014 | | | | Baltimore, MD 21224 |
| | 11/18/2014 | | | | Joppa, MD 21085 |
| | 11/17/2014 | | | | Abingdon, MD 21009 |
| | 10/8/2014 | | | | Baltimore, MD 21224 |
| | 12/15/2014 | | | | Baltimore, MD 21214 |
| | 12/5/2014 | | | | White Hall, MD 21161 |
| | 10/30/2014 | | | | Baltimore, MD 21208 |
| | 12/23/2014 | | | | Middle River, MD 21220 |
| | 10/31/2014 | | | | Poolesville, MD 20837 |

| Date | | Location |
|---|---|---|
| 10/31/2014 | | Westminster, MD 21157 |
| 10/31/2014 | | Essex, MD 21221 |
| 11/19/2014 | | Baltimore, MD 21206 |
| 10/24/2014 | | Finksburg, MD 21048 |
| 10/22/2014 | | Nottingham, MD 21236 |
| 10/22/2014 | | Baltimore, MD 21224 |
| 10/28/2014 | | Brandywine, MD 20613 |
| 1/2/2015 | | Millers, MD 21102 |
| 10/28/2014 | | Virginia Beach, VA 23452 |
| 11/26/2014 | | Baltimore, MD 21224 |
| 11/20/2014 | | La Plata, MD 20646 |
| 11/25/2014 | | Reisterstown, MD 21136 |
| 1/30/2015 | | Essex, MD 21221 |
| 11/21/2014 | | Du Bois, PA 15801 |
| 10/31/2014 | | Baltimore, MD 21207 |
| 11/21/2014 | | Edgewood, MD 21040 |
| 5/29/2015 | | Fallston, MD 21047 |
| 11/22/2014 | | Hampden, MD 21211 |
| 11/21/2014 | | South Hill, VA 23970 |
| 11/21/2014 | | Midland, VA 22728 |
| 11/28/2014 | | Boyertown, PA 19512 |
| 3/2/2015 | | Lutherville, MD 21093 |
| 11/28/2014 | | Parkville, MD 21234 |
| 2/4/2015 | | Hampton, VA 23666 |
| 12/17/2014 | | Philadelphia, PA 19126 |
| 11/19/2014 | | Perry Hall, MD 21128 |
| 12/3/2014 | | Philadelphia, PA 19119 |
| 1/7/2015 | | Raleigh, NC 27601 |
| 2/27/2015 | | Randallstown, MD 21133 |
| 12/24/2014 | | Saint Pauls, NC 28384 |
| 12/24/2014 | | Chester, VA 23831 |
| 12/22/2014 | | Hampton, VA 23669 |
| 1/12/2015 | | Baltimore, MD 21231 |
| 12/30/2014 | | Waverly, VA 23890 |
| 3/19/2015 | | Hanover, PA 17331 |
| 12/31/2014 | | White Marsh, MD 21162 |

| Date | | Location |
|---|---|---|
| 1/14/2015 | | Fayetteville, NC 28304 |
| 2/5/2015 | | Baldwin, MD 21013 |
| 1/26/2015 | | Stafford, VA 22554 |
| 12/29/2014 | | Stewartstown, PA 17363 |
| 1/9/2015 | | Baltimore, MD 21218 |
| 1/26/2015 | | Philadelphia, PA 19138 |
| 1/26/2015 | | Lutz, FL 33558 |
| 2/6/2015 | | Clarksburg, MD 20871 |
| 4/6/2015 | | Grand Island, FL 32735 |
| 2/20/2015 | | Asheville, NC 28806 |
| 2/27/2015 | | Towson, MD 21286 |
| 1/30/2015 | | Tallahassee, FL 32309 |
| 2/6/2015 | | Baltimore, MD 21220 |
| 5/5/2015 | | Gainesville, VA 20155 |
| 3/17/2015 | | Hanover, MD 21076 |
| 4/13/2015 | | Joppa, MD 21085 |
| 9/25/2015 | | Middle River, MD 21220 |
| 3/27/2015 | | Perry Hall, MD 21128 |
| 2/27/2015 | | Indian Head, MD 20640 |
| 7/22/2015 | | Glen Burnie, MD 21060 |
| 8/28/2015 | | Laurel, MD 20724 |
| 8/6/2015 | | Laurel, MD 20723 |
| 7/16/2015 | | Natrona Heights, PA 15065 |
| 8/10/2015 | | Gwynn Oak, MD 21207 |
| 8/11/2015 | | Milton, FL 32583 |
| 8/12/2015 | | Jarrettsville, MD 21084 |
| 10/8/2015 | | Baltimore, MD 21234 |
| 8/18/2015 | | Oviedo, FL 32765 |
| 9/21/2015 | | Baltimore, MD 21224 |
| 9/25/2015 | | Mills River, NC 28759 |
| 10/20/2015 | | Visalia, CA 93292 |
| 11/3/2015 | | Stafford, VA 22554 |
| 10/26/2015 | | Royal Palm Beach, FL 33411 |
| 11/2/2015 | | Marysville, CA 95901 |
| 11/4/2015 | | Lithia Springs, GA 30122 |
| 11/7/2015 | | Port St. Lucie, FL 34984 |

| Date | | Location |
|---|---|---|
| 12/22/2015 | | Fairfield, OH 45014 |
| 11/18/2015 | | Cleveland Heights, OH 44121 |
| 12/15/2015 | | Lithonia, GA 30038 |
| 11/24/2015 | | Perry Hall, MD 21128 |
| 12/31/2015 | | Baltimore, MD 21215 |
| 12/31/2015 | | Middletown, MD 21769 |
| 9/24/2015 | | Homosassa, FL 34446 |
| 12/12/2014 | | Baltimore, MD 21210 |
| 12/29/2015 | | Dayton, OH 45458 |
| 2/29/2016 | | Carrollton, GA 30117 |
| 2/29/2016 | | Palm Bay, FL 32907 |
| 9/18/2015 | | Columbus, OH 43224 |
| 9/2/2015 | | Naperville, IL 60565 |
| 9/25/2015 | | Brainerd, MN 56401 |
| 9/2/2015 | | Ashland, VA 23005 |
| 9/23/2015 | | Reynoldsburg, OH 43068 |
| 10/30/2015 | | Montgomery, AL 36117 |
| 9/3/2015 | | St. Cloud, FL 34772 |
| 9/4/2015 | | Burke, VA 22015 |
| 12/18/2015 | | Manassas Park, VA 20111 |
| 1/6/2016 | | Newport News, VA 23608 |
| 9/10/2015 | | Philadelphia, PA 19116 |
| 8/26/2015 | | Lansdale, PA 19446 |
| 9/3/2015 | | Wyoming, MN 55092 |
| 9/9/2015 | | Myersville, MD 21773 |
| 10/8/2015 | | Xenia, OH 45385 |
| 9/3/2015 | | Suffolk, VA 23435 |
| 10/1/2015 | | California, MD 20619 |
| 11/12/2015 | | Westfield, IN 46074 |
| 9/25/2015 | | Jacksonville, FL 32225 |
| 12/7/2015 | | Rochert, MN 56578 |
| 11/13/2015 | | Colorado Springs, CO 80916 |
| 9/24/2015 | | Thornton, CO 80241 |
| 11/19/2015 | | Tampa, FL 33617 |
| 9/28/2015 | | Moreno Valley, CA 92555 |
| 10/30/2015 | | Charleston, SC 29414 |

| Date | | Location |
|---|---|---|
| 9/25/2015 | | North East, MD 21901 |
| 2/2/2016 | | Orlando, FL 32808 |
| 9/16/2015 | | Fort Washington, MD 20744 |
| 10/20/2015 | | Ventura, CA 93004 |
| 10/13/2015 | | Lincoln, CA 95648 |
| 10/19/2015 | | Ellenwood, GA 30294 |
| 10/9/2015 | | Fullerton, CA 92835 |
| 1/2/2016 | | Severn, MD 21144 |
| 10/12/2015 | | Colorado Springs, CO 80918 |
| 11/17/2015 | | Valrico, FL 33594 |
| 11/4/2015 | | Ashburn, VA 20147 |
| 9/25/2015 | | Grayslake, IL 60030 |
| 10/9/2015 | | Grand Junction, CO 81506 |
| 11/30/2015 | | La Vergne, TN 37086 |
| 9/25/2015 | | Fairfax, VA 22032 |
| 10/22/2015 | | Broomfield, CO 80020 |
| 3/17/2016 | | Thornton, CO 80260 |
| 12/31/2015 | | Woodbridge, VA 22193 |
| 10/26/2015 | | Williamson, GA 30292 |
| 10/27/2015 | | Jacksonville, FL 32221 |
| 11/4/2015 | | Thornville, OH 43076 |
| 11/24/2015 | | Santa Clarita, CA 91390 |
| 11/17/2015 | | Oceanside, CA 92056 |
| 11/5/2015 | | Fountain, CO 80817 |
| 11/13/2015 | | Allentown, PA 18104 |
| 11/5/2015 | | Jacksonville, FL 32225 |
| 10/22/2015 | | Sugarloaf (Conyngham Borough), PA 18249 |
| 10/26/2015 | | Jacksonville, FL 32210 |
| 12/14/2015 | | Santa Rosa, CA 95403 |
| 11/24/2015 | | Hampton, VA 23669 |
| 12/30/2015 | | Harleysville, PA 19438 |
| 11/23/2015 | | Arvada, CO 80005 |
| 12/4/2015 | | Cincinnati, OH 45246 |
| 12/14/2015 | | Effingham, SC 29541 |
| 12/16/2015 | | Orange Park, FL 32065 |

| Date | | Location |
|---|---|---|
| 3/2/2016 | | Joppa, MD 21085 |
| 12/10/2015 | | Colorado Springs, CO 80909 |
| 12/24/2015 | | Lawrenceville, GA 30044 |
| 12/22/2015 | | Lakeside, CA 92040 |
| 1/26/2016 | | Mullica Hill, NJ 08062 |
| 12/31/2015 | | Milwaukee, WI 53209 |
| 1/11/2016 | | Clearwater, FL 33760 |
| 2/8/2016 | | Hudson, OH 44236 |
| 12/24/2015 | | Manassas, VA 20112 |
| 1/5/2016 | | Suwanee, GA 30024 |
| 1/21/2016 | | Copperopolis, CA 95228 |
| 1/6/2016 | | London, KY 40744 |
| 12/26/2015 | | Chelsea, AL 35043 |
| 1/29/2016 | | Madison Lake, MN 56063 |
| 1/11/2016 | | Antioch, TN 37013 |
| 12/31/2015 | | Wilton Manors, FL 33334 |
| 1/4/2016 | | Owensboro, KY 42303 |
| 1/26/2016 | | Sacramento, CA 95838 |
| 1/4/2016 | | Wixom, MI 48393 |
| 1/25/2016 | | Summerville, SC 29483 |
| 1/25/2016 | | Naples, FL 34104 |
| 1/20/2016 | | Fort Mill, SC 29708 |
| 2/24/2016 | | Stoughton, MA 02072 |
| 2/12/2016 | | Carlisle, PA 17015 |
| 1/29/2016 | | Sacramento, CA 95820 |
| 2/23/2016 | | Cataula, GA 31804 |
| 2/24/2016 | | Spring Hill, FL 34609 |
| 2/8/2016 | | Bowie, MD 20715 |
| 1/22/2016 | | Grayson, GA 30017 |
| 2/8/2016 | | Columbiana, OH 44408 |
| 2/22/2016 | | Port Matilda, PA 16870 |
| 2/29/2016 | | Anderson, SC 29625 |
| 2/5/2016 | | Saint Johns, FL 32259 |
| 1/29/2016 | | Westerville, OH 43081 |
| 1/29/2016 | | Columbus, OH 43232 |
| 2/19/2016 | | Clinton Township, MI 48038 |

| | | | |
|---|---|---|---|
| | 2/22/2016 | | Westerville, OH 43081 |
| | 2/22/2016 | | Philadelphia, PA 19145 |
| | 2/19/2016 | | Redding, CA 96003 |
| | 2/10/2016 | | Columbus, OH 43214 |
| | 2/29/2016 | | South Plainfield, NJ 07080 |
| | 2/25/2016 | | Elgin, IL 60124 |
| | 2/26/2016 | | North Attleboro, MA 02760 |
| | 2/24/2016 | | Monroe, MI 48161 |
| | 2/29/2016 | | Brookhaven, PA 19015 |

| Group 2 Settlement Class Members | | | | | |
|---|---|---|---|---|---|
| **Loan Number** | **Settlement Date** | **Borrower 1** | **Borrower 2** | **Property Address** | **Property City, State and Zip** |
| | 11/19/2014 | | | | New Bern, NC 28560 |
| | 10/30/2015 | | | | Bear, DE 19701 |
| | 9/29/2015 | | | | Wilmington, DE 19803 |
| | 2/24/2016 | | | | District Heights, MD 20747 |
| | 11/25/2015 | | | | Miami, FL 33186 |
| | 9/25/2015 | | | | Wilmington, DE 19805 |
| | 12/18/2015 | | | | Corvallis, OR 97330 |
| | 1/29/2016 | | | | Ashburn, VA 20147 |
| | 10/21/2015 | | | | Calabash, NC 28467 |
| | 12/22/2015 | | | | Boonsboro, MD 21713 |
| | 12/29/2015 | | | | Mineral Bluff, GA 30559 |
| | 12/24/2014 | | | | Riverview, FL 33579 |
| | 1/12/2015 | | | | Palm Bay, FL 32907 |
| | 12/3/2014 | | | | Clermont, FL 34711 |
| | 3/10/2015 | | | | Sparta, TN 38583 |
| | 4/29/2015 | | | | Clarksville, TN 37042 |
| | 2/27/2015 | | | | Severn, MD 21144 |
| | 4/6/2015 | | | | Millville, NJ 08332 |
| | 2/25/2016 | | | | Baltimore, MD 21213 |
| | 7/30/2014 | | | | Washington, DC 20002 |
| | 8/27/2014 | | | | Andrews, SC 29510 |
| | 9/9/2014 | | | | Tampa, FL 33616 |
| | 10/28/2014 | | | | Apollo Beach, FL 33572 |
| | 11/7/2014 | | | | St. Petersburg, FL 33713 |
| | 12/3/2014 | | | | Bel Air, MD 21014 |
| | 11/22/2014 | | | | Middle River, MD 21220 |
| | 11/26/2014 | | | | Lexington, NC 27292 |
| | 1/20/2015 | | | | Jacksonville, NC 28546 |
| | 12/29/2014 | | | | Baltimore, MD 21220 |
| | 2/23/2015 | | | | Goldsboro, NC 27530 |
| | 1/12/2015 | | | | Jacksonville, NC 28546 |
| | 9/11/2015 | | | | Baltimore, MD 21224 |
| | 10/16/2015 | | | | Nottingham, MD 21236 |
| | 1/20/2016 | | | | Winterville, NC 28590 |

| | Date | | Location |
|---|---|---|---|
| | 12/22/2015 | | Birmingham, AL 35210 |
| | 10/26/2015 | | Fayetteville, NC 28303 |
| | 12/26/2015 | | Baltimore, MD 21210 |
| | 11/19/2015 | | Hopewell, VA 23860 |
| | 1/12/2016 | | North Chesterfield, VA 23236 |
| | 12/12/2015 | | Preston, MD 21655 |
| | 12/28/2015 | | Catonsville, MD 21228 |
| | 12/26/2015 | | Kingsville, MD 21087 |
| | 1/29/2016 | | Upper Marlboro, MD 20774 |
| | 2/18/2016 | | Brentwood, MD 20722 |
| | 8/18/2014 | | Baltimore, MD 21239 |
| | 9/4/2014 | | Baltimore, MD 21218 |
| | 9/11/2014 | | Dover, DE 19901 |
| | 9/30/2014 | | North Chesterfield, VA 23236 |
| | 9/26/2014 | | Goose Creek, SC 29445 |
| | 11/21/2014 | | Callahan, FL 32011 |
| | 9/27/2014 | | Colquitt, GA 39837 |
| | 9/23/2014 | | Charleston, SC 29420 |
| | 10/10/2014 | | Palm Coast, FL 32164 |
| | 11/6/2014 | | Hilton Head Island, SC 29926 |
| | 11/18/2014 | | Inverness, FL 34452 |
| | 10/31/2014 | | New Galilee, PA 16141 |
| | 10/24/2014 | | Ellicott City, MD 21042 |
| | 1/7/2015 | | Stafford, VA 22554 |
| | 11/24/2014 | | Oconee, GA 31067 |
| | 11/24/2014 | | Asheville, NC 28805 |
| | 5/18/2015 | | Snellville, GA 30039 |
| | 11/28/2014 | | Waycross, GA 31503 |
| | 1/12/2015 | | Coatesville, PA 19320 |
| | 1/28/2015 | | South Mills, NC 27976 |
| | 1/28/2015 | | Charlotte, NC 28262 |
| | 2/27/2015 | | Owings Mills, MD 21117 |
| | 2/19/2015 | | Milton, DE 19968 |
| | 2/25/2015 | | Carmel, IN 46033 |
| | 8/20/2015 | | Pottstown, PA 19464 |
| | 7/22/2015 | | Cookeville, TN 38501 |

| Date | | Location |
|---|---|---|
| 12/18/2015 | | Bel Air, MD 21015 |
| 7/28/2015 | | Concord, NC 28027 |
| 8/5/2015 | | Glen Burnie, MD 21061 |
| 7/30/2015 | | Aurora, CO 80010 |
| 10/13/2015 | | Hilton Head Island, SC 29926 |
| 9/2/2015 | | Florence, OR 97439 |
| 8/28/2015 | | Maple Hill, NC 28454 |
| 8/24/2015 | | Nottingham, MD 21236 |
| 11/24/2015 | | Collierville, TN 38107 |
| 9/8/2015 | | Chicago, IL 60649 |
| 9/28/2015 | | Pittsburgh, PA 15214 |
| 10/27/2015 | | White Hall, PA 18052 |
| 8/31/2015 | | Clinton, MD 20735 |
| 9/18/2015 | | Ocean City, MD 21842 |
| 9/29/2015 | | Nelsonville, OH 45764 |
| 10/8/2015 | | Riverview, FL 33578 |
| 10/13/2015 | | Baltimore, MD 21224 |
| 10/5/2015 | | Jacksonville, FL 32244 |
| 10/6/2015 | | Hendersonville, NC 28792 |
| 9/30/2015 | | Etna, OH 43062 |
| 10/14/2015 | | Bakersfield, CA 93307 |
| 10/9/2015 | | Commerce City, CO 80022 |
| 10/1/2015 | | Greenville, SC 29607 |
| 10/29/2015 | | District Heights, MD 20747 |
| 10/9/2015 | | Hialeah, FL 33015 |
| 11/9/2015 | | Rochester, IL 62563 |
| 10/9/2015 | | Cottage Grove, OR 97424 |
| 11/4/2015 | | Rock Spring, GA 30739 |
| 11/24/2015 | | Portland, OR 97216 |
| 10/26/2015 | | Chicago, IL 60637 |
| 10/24/2015 | | Port St. Lucie, FL 34953 |
| 12/21/2015 | | North Charleston, SC 29420 |
| 10/23/2015 | | Meridianville, AL 35759 |
| 1/25/2016 | | Auburn, GA 30011 |
| 11/24/2015 | | Grand Junction, CO 81501 |
| 12/21/2015 | | Mendham, NJ 07945 |

| Date | | Location |
|---|---|---|
| 11/11/2015 | | Manahawkin, NJ 08050 |
| 12/18/2015 | | Fayetteville, NC 28314 |
| 2/10/2016 | | Alturas, CA 96101 |
| 11/13/2015 | | Hubert, NC 28539 |
| 12/24/2015 | | Spring Grove, IL 60081 |
| 12/2/2015 | | Indian Head, MD 20640 |
| 11/23/2015 | | Stilesville, IN 46180 |
| 11/24/2015 | | Sweet Home, OR 97386 |
| 11/23/2015 | | Clarksville, TN 37042 |
| 2/12/2016 | | Chesapeake, VA 23320 |
| 12/19/2015 | | Dover, PA 17315 |
| 12/23/2015 | | Cary, NC 27513 |
| 2/12/2016 | | Joppa, MD 21085 |
| 1/21/2016 | | Baltimore, MD 21220 |
| 1/13/2016 | | Lakeland, FL 33810 |
| 1/18/2016 | | Lancaster, PA 17601 |
| 2/17/2016 | | Fairfield, CA 94533 |
| 1/25/2016 | | Charlotte, NC 28214 |
| 2/18/2016 | | Gates, NC 27937 |
| 1/12/2016 | | Hephzibah, GA 30815 |
| 1/25/2016 | | Brown Deer, WI 53223 |
| 2/10/2016 | | Newport News, VA 23606 |
| 2/2/2016 | | Powhatan, VA 23139 |
| 2/2/2016 | | Winder, GA 30680 |
| 2/8/2016 | | Modesto, CA 95355 |
| 2/3/2016 | | Ventura, CA 93003 |
| 2/10/2016 | | Belleville, IL 62221 |
| 2/12/2016 | | Hixson, TN 37343 |
| 2/16/2016 | | Kalamazoo, MI 49048 |
| 2/23/2016 | | Oceanside, CA 92057 |
| 2/12/2016 | | Greensboro, NC 27407 |
| 2/10/2016 | | Nottingham, MD 21236 |
| 2/17/2016 | | Noblesville, IN 46060 |
| 2/22/2016 | | Fayetteville, NC 28301 |
| 2/23/2016 | | Fayetteville, NC 28303 |
| 2/22/2016 | | Louisville, KY 40228 |

| | Date | | Location |
|---|---|---|---|
| | 2/29/2016 | | New Castle, DE 19720 |
| | 2/29/2016 | | Richlands, NC 28574 |
| | 2/29/2016 | | Gaston, NC 27832 |
| | 1/13/2015 | | Baltimore, MD 21205 |
| | 7/27/2015 | | Severn, MD 21144 |
| | 3/3/2015 | | San Leandro, CA 94578 |
| | 3/23/2015 | | Baltimore, MD 21224 |
| | 1/29/2016 | | Chicago, IL 60637 |
| | 10/8/2015 | | Lanham, MD 20706 |
| | 7/28/2015 | | Fergus Falls, MN 56537 |
| | 8/17/2015 | | Coatesville, PA 19320 |
| | 8/7/2015 | | Archdale, NC 27263 |
| | 8/11/2015 | | Winchester, VA 22602 |
| | 12/11/2015 | | Amelia, VA 23002 |
| | 10/16/2015 | | Ontario, CA 91764 |
| | 9/5/2015 | | Macungie, PA 18062 |
| | 9/10/2015 | | Orlando, FL 32836 |
| | 9/11/2015 | | Clifton Heights, PA 19018 |
| | 9/8/2015 | | Canal Winchester, OH 43110 |
| | 8/28/2015 | | Conyers, GA 30013 |
| | 8/26/2015 | | Victorville, CA 92392 |
| | 8/28/2015 | | Ocoee, FL 34761 |
| | 9/30/2015 | | Freehold, NJ 07728 |
| | 9/3/2015 | | Hiram, GA 30141 |
| | 9/3/2015 | | Rabun Gap, GA 30568 |
| | 8/26/2015 | | Honesdale, PA 18431 |
| | 9/1/2015 | | Baltimore, MD 21227 |
| | 9/16/2015 | | Aurora, CO 80017 |
| | 9/17/2015 | | Diamond, OH 44412 |
| | 9/2/2015 | | Bangor, PA 18013 |
| | 8/31/2015 | | Myrtle Beach, SC 29579 |
| | 9/1/2015 | | Gainesville, GA 30506 |
| | 8/28/2015 | | Milton, FL 32583 |
| | 9/29/2015 | | Buford, GA 30519 |
| | 8/31/2015 | | Havelock, NC 28532 |
| | 11/23/2015 | | Pylesville, MD 21132 |

| Date | Location |
|---|---|
| 9/25/2015 | Burlington, NC 27217 |
| 10/12/2015 | Ignacio, CO 81137 |
| 10/15/2015 | Indianapolis, IN 46234 |
| 9/18/2015 | Mary Esther, FL 32569 |
| 9/25/2015 | Asheboro, NC 27205 |
| 9/16/2015 | Bishopville, MD 21813 |
| 9/23/2015 | Batavia, OH 45103 |
| 9/14/2015 | Columbus, OH 43213 |
| 9/21/2015 | Cockeysville, MD 21030 |
| 9/25/2015 | Elliston, VA 24087 |
| 11/6/2015 | Greensboro, NC 27410 |
| 9/19/2015 | Marion, IN 46952 |
| 9/23/2015 | Keystone Heights, FL 32656 |
| 9/9/2015 | Briarcliff, PA 19036 |
| 12/18/2015 | Irmo, SC 29063 |
| 9/14/2015 | Melbourne, FL 32934 |
| 9/25/2015 | Minneapolis, MN 55426 |
| 9/25/2015 | Tampa, FL 33604 |
| 10/14/2015 | Statham, GA 30666 |
| 11/3/2015 | Orlando, FL 32801 |
| 9/25/2015 | Baltimore, MD 21234 |
| 9/25/2015 | Midway, GA 31320 |
| 9/29/2015 | Winter Park, FL 34787 |
| 1/25/2016 | Littleton, CO 80123 |
| 10/13/2015 | Fountain, CO 80817 |
| 12/14/2015 | Saginaw, MI 48603 |
| 10/16/2015 | Warrior, AL 35180 |
| 10/1/2015 | Aberdeen, MD 21001 |
| 9/25/2015 | Homosassa, FL 34446 |
| 11/6/2015 | Medina, OH 44256 |
| 10/15/2015 | Keansburg, NJ 07734 |
| 9/30/2015 | Sanford, NC 27332 |
| 10/21/2015 | Baltimore, MD 21236 |
| 10/13/2015 | Fruita, CO 81521 |
| 10/5/2015 | Athens, OH 45701 |
| 10/16/2015 | Horse Shoe, NC 28742 |

| Date | | Location |
|---|---|---|
| 9/22/2015 | | Hyattsville, MD 20783 |
| 10/12/2015 | | Antonito, CO 81120 |
| 9/25/2015 | | Crawfordville, FL 32327 |
| 10/1/2015 | | Hope Mills, NC 28348 |
| 10/16/2015 | | Oswego, IL 60543 |
| 10/20/2015 | | Trinidad, CO 81082 |
| 10/19/2015 | | East Berlin, PA 17316 |
| 9/30/2015 | | Perryville, MD 21903 |
| 10/19/2015 | | Evergreen, CO 80439 |
| 10/2/2015 | | Callahan, FL 32011 |
| 12/14/2015 | | Deale, MD 20751 |
| 2/9/2016 | | Zephyrhills, FL 33540 |
| 10/26/2015 | | Stanfield, NC 28163 |
| 9/29/2015 | | Bowie, MD 20721 |
| 10/19/2015 | | Kissimmee, FL 34744 |
| 11/14/2015 | | Hayden, AL 35079 |
| 10/16/2015 | | Lucama, NC 27851 |
| 10/26/2015 | | Callahan, FL 32011 |
| 10/16/2015 | | Philadelphia, PA 19131 |
| 10/26/2015 | | Acworth, GA 30102 |
| 11/30/2015 | | Canton, OH 44708 |
| 11/12/2015 | | Blythe, GA 30805 |
| 11/3/2015 | | Margate, FL 33063 |
| 10/21/2015 | | Bunnell, FL 32110 |
| 10/26/2015 | | Fairmount, GA 30139 |
| 11/11/2015 | | Chiefland, FL 32626 |
| 10/22/2015 | | Zephyrhills, FL 33540 |
| 10/23/2015 | | Jacksonville, FL 32244 |
| 10/14/2015 | | Lochbuie, CO 80603 |
| 11/4/2015 | | Charleston, SC 29414 |
| 10/26/2015 | | Durango, CO 81301 |
| 10/21/2015 | | Lansing, MI 48917 |
| 10/29/2015 | | Land O Lakes, FL 34638 |
| 11/2/2015 | | Boca Raton, FL 33428 |
| 10/16/2015 | | Canton, NC 28716 |
| 10/19/2015 | | Fruita, CO 81521 |

| | | | Location |
|---|---|---|---|
| | 11/30/2015 | | Crestview, FL 32539 |
| | 11/6/2015 | | Boynton Beach, FL 33437 |
| | 11/5/2015 | | Wooster, OH 44691 |
| | 11/14/2015 | | Liberty Township, OH 45044 |
| | 11/12/2015 | | Hampstead, NC 28443 |
| | 11/9/2015 | | Hartland, MI 48353 |
| | 11/30/2015 | | Plymouth Meeting, PA 19462 |
| | 11/30/2015 | | Waycross, GA 31501 |
| | 12/10/2015 | | Ellensboro, NC 28040 |
| | 11/23/2015 | | Wendell, NC 27591 |
| | 11/23/2015 | | District Heights, MD 20747 |
| | 11/18/2015 | | Akron, OH 44321 |
| | 12/16/2015 | | Navarre, FL 32566 |
| | 11/23/2015 | | Minneapolis, MN 55408 |
| | 11/23/2015 | | Fort Lupton, CO 80621 |
| | 11/19/2015 | | Asheboro, NC 27205 |
| | 11/19/2015 | | Rixeyville, VA 22737 |
| | 11/30/2015 | | Baltimore, MD 21221 |
| | 11/20/2015 | | Hudson, FL 34667 |
| | 11/24/2015 | | Greenwood, IN 46142 |
| | 11/17/2015 | | Fountain, CO 80817 |
| | 11/24/2015 | | Staunton, VA 24401 |
| | 1/25/2016 | | Ocean City, MD 21842 |
| | 11/20/2015 | | Nottingham, MD 21236 |
| | 12/21/2015 | | Columbia, MD 21044 |
| | 11/24/2015 | | Middleburg, FL 32068 |
| | 12/16/2015 | | Hinesville, GA 31313 |
| | 12/7/2015 | | Crawfordville, FL 32327 |
| | 11/24/2015 | | Waldorf, MD 20601 |
| | 12/22/2015 | | Liberty Township, OH 45044 |
| | 11/24/2015 | | Florence, SC 29505 |
| | 12/8/2015 | | Oroville, CA 95966 |
| | 11/23/2015 | | Canyon Country, CA 91387 |
| | 11/23/2015 | | Lebanon, OR 97355 |
| | 12/10/2015 | | Upper Chichester, PA 19061 |
| | 12/22/2015 | | Kenly, NC 27542 |

| | Date | | Location |
|---|---|---|---|
| | 12/4/2015 | | Rosamond, CA 93560 |
| | 12/15/2015 | | Bowie, MD 20716 |
| | 12/3/2015 | | Elkridge, MD 21075 |
| | 1/18/2016 | | Shady Cove, OR 97539 |
| | 12/4/2015 | | Chaska, MN 55318 |
| | 12/21/2015 | | Irmo, SC 29063 |
| | 12/23/2015 | | New Freedom, PA 17349 |
| | 2/19/2016 | | Beaverton, OR 97078 |
| | 1/14/2016 | | Burnham, IL 60633 |
| | 2/23/2016 | | Lawrence, NJ 08648 |
| | 2/24/2016 | | Nebo, NC 28761 |
| | 12/21/2015 | | North Wales, PA 19454 |
| | 12/22/2015 | | Georgetown, OH 45121 |
| | 12/24/2015 | | Ocala, FL 34474 |
| | 1/7/2016 | | Brooksville, FL 34613 |
| | 1/22/2016 | | Fallbrook, CA 92028 |
| | 1/7/2016 | | Astatula, FL 34705 |
| | 12/22/2015 | | Reidsville, NC 27320 |
| | 2/16/2016 | | Zephyrhills, FL 33540 |
| | 12/22/2015 | | Helena, AL 35080 |
| | 2/15/2016 | | Spring Hill, FL 34610 |
| | 12/23/2015 | | Wood Ridge, NJ 07075 |
| | 1/16/2016 | | Four Oaks, NC 27524 |
| | 4/19/2016 | | Zephyrhills, FL 33541 |
| | 2/8/2016 | | Snow Camp, NC 27349 |
| | 1/20/2016 | | Hortense, GA 31543 |
| | 1/14/2016 | | Hernando, FL 34442 |
| | 2/8/2016 | | Linthicum, MD 21090 |
| | 1/11/2016 | | Candler, NC 28715 |
| | 3/21/2016 | | Clyde, NC 28721 |
| | 1/25/2016 | | Geneva, FL 32732 |
| | 1/15/2016 | | Keystone Heights, FL 32656 |
| | 1/22/2016 | | Merrillville, IN 46410 |
| | 1/25/2016 | | Fountain, CO 80817 |
| | 1/25/2016 | | Colorado Springs, CO 80908 |
| | 2/23/2016 | | Colfax, CA 95713 |

| Date | | Location |
|---|---|---|
| 1/27/2016 | | Decatur, AL 35601 |
| 2/22/2016 | | Forest Hill, MD 21050 |
| 2/24/2016 | | Reading, PA 19605 |
| 2/19/2016 | | Jacksonville, FL 32234 |
| 2/5/2016 | | Grafton, NY 12082 |
| 2/24/2016 | | Slatington, PA 18080 |
| 2/12/2016 | | Lake City, FL 32024 |
| 2/12/2016 | | Huger, SC 29450 |
| 2/9/2016 | | Duluth, MN 55808 |
| 2/29/2016 | | Zephyrhills, FL 33541 |
| 2/18/2016 | | Cookstown, NJ 08511 |
| 2/29/2016 | | Andalusia, AL 36421 |
| 2/18/2016 | | Edgewater, MD 21037 |
| 2/16/2016 | | Florence, SC 29505 |
| 2/24/2016 | | Holbrook, NY 11741 |
| 2/19/2016 | | Greer, SC 29651 |
| 2/22/2016 | | Nashville, MI 49073 |
| 2/29/2016 | | Ruffin, NC 27326 |
| 2/24/2016 | | Rock Hill, SC 29732 |
| 2/29/2016 | | Defuniak Springs, FL 32435 |
| 2/19/2016 | | Wilson, NC 27896 |
| 2/26/2016 | | Arden, NC 28704 |
| 2/26/2016 | | Hackettstown, NJ 07840 |
| 2/29/2016 | | Demotte, IN 46310 |
| 2/25/2016 | | Gainesville, FL 32609 |
| 2/29/2016 | | Bell, FL 32619 |
| 2/29/2016 | | Parkville, MD 21234 |
| 2/29/2016 | | Bodfish, CA 93205 |
| 11/18/2014 | | Pleasant Ridge, MI 48069 |
| 12/19/2014 | | Clawson, MI 48017 |
| 1/22/2015 | | Warren, MI 48093 |
| 3/13/2015 | | Clinton Township, MI 48038 |
| 2/26/2015 | | Saint Clair Shores, MI 48081 |
| 11/24/2014 | | Jonesboro, GA 30238 |
| 2/4/2015 | | Hockessin, DE 19707 |
| 4/30/2015 | | Glenn Dale, MD 20769 |

| Date | | Location |
|---|---|---|
| 1/8/2015 | | Keyport, NJ 07735 |
| 1/30/2015 | | Brick, NJ 08724 |
| 12/29/2014 | | Annadale (township of Clinton), |
| 11/5/2014 | | Indianapolis, IN 46235 |
| 8/28/2015 | | Four Oaks, NC 27524 |
| 12/22/2015 | | Sanford, NC 27332 |
| 12/29/2015 | | Stockton, CA 95206 |
| 2/5/2015 | | Marysville, CA 95901 |
| 2/2/2015 | | Escondido, CA 92027 |
| 2/27/2015 | | Pinson, AL 35126 |
| 3/5/2015 | | Wales Township, MI 48027 |
| 12/22/2015 | | Ballston Spa, NY 12020 |
| 12/24/2015 | | Newburgh, NY 12550 |
| 12/22/2015 | | Cohoes, NY 12047 |
| 1/29/2016 | | Greenwich, NY 12834 |
| 9/22/2015 | | Gainesville, FL 32605 |
| 12/31/2015 | | Opa Locka, FL 33054 |
| 10/26/2015 | | Mary Esther, FL 32569 |
| 11/24/2015 | | Silver Spring, MD 20902 |
| 1/15/2016 | | Philadelphia, PA 19150 |
| 11/9/2015 | | Davie, FL 33325 |
| 10/28/2015 | | Aldan, PA 19018 |
| 9/25/2015 | | Crestview, FL 32536 |
| 10/27/2015 | | Pensacola, FL 32514 |
| 11/30/2015 | | Ocala, FL 34474 |
| 10/26/2015 | | Wyomissing, PA 19610 |
| 10/23/2015 | | Cocoa, FL 32927 |
| 10/28/2015 | | Bradenton, FL 34208 |
| 11/24/2015 | | Gaithersburg, MD 20879 |
| 11/12/2015 | | Bowie, MD 20721 |
| 1/25/2016 | | Rocky Point, NC 28457 |
| 11/24/2015 | | Springfield, VA 22153 |
| 11/24/2015 | | Frederick, MD 21703 |
| 12/14/2015 | | Bel Air, MD 21014 |
| 1/25/2016 | | Willow Street, PA 17584 |
| 11/24/2015 | | Alexandria, VA 22309 |

| Date | Location |
|---|---|
| 12/26/2015 | Clinton, MD 20735 |
| 12/17/2015 | Woodbridge, VA 22193 |
| 1/22/2016 | Haines City, FL 33844 |
| 12/22/2015 | District Heights, MD 20747 |
| 1/25/2016 | Pine Mountain Club, CA 93222 |
| 1/29/2016 | Blairs Mills, PA 17213 |
| 1/19/2016 | Pasadena, MD 21122 |
| 1/27/2016 | Stuart, FL 34997 |
| 1/29/2016 | Baltimore, MD 21224 |
| 1/18/2016 | Fair Oaks, CA 95628 |
| 2/29/2016 | Waxhaw, NC 28173 |
| 2/29/2016 | West Covina, CA 91790 |
| 2/26/2016 | Jacksonville, FL 32221 |
| 1/29/2016 | Waldorf, MD 20601 |
| 2/22/2016 | Airville, PA 17302 |
| 2/29/2016 | Baltimore, MD 21236 |
| 2/29/2016 | North Highlands, CA 95660 |
| 2/26/2016 | Atlanta, GA 30312 |
| 2/26/2016 | Troy, MI 48098 |
| 2/25/2016 | Philadelphia, PA 19119 |
| 8/25/2015 | Chestertown, MD 21620 |
| 2/27/2015 | Dublin, OH 43016 |
| 12/4/2015 | Columbus, OH 43231 |
| 1/19/2015 | Pen Argyl, PA 18072 |
| 9/14/2015 | Monrovia, MD 21770 |
| 8/7/2015 | Odenton, MD 21113 |
| 10/23/2015 | Powell, OH 43065 |
| 11/20/2015 | Annapolis, MD 21401 |
| 11/23/2015 | Hudson, NH 03051 |
| 8/14/2015 | North Highlands, CA 95660 |
| 9/4/2015 | Independence, KY 41051 |
| 12/4/2015 | Suitland, MD 20746 |
| 1/15/2016 | Sunbury, OH 43074 |
| 8/8/2016 | Blacklick, OH 43004 |
| 2/4/2015 | Pottstown, PA 19464 |
| 6/9/2015 | Newtown, PA 18940 |

| | 12/29/2014 | | Slatington, PA 18080 |
|---|---|---|---|
| | 12/23/2014 | | Easton, PA 18045 |
| | 1/30/2015 | | Emmaus, PA 18049 |
| | 9/8/2015 | | Rochester Hills, MI 48309 |
| | 10/5/2015 | | Pembroke Pines, FL 33024 |
| | 9/14/2015 | | Philadelphia, PA 19116 |
| | 9/28/2015 | | Perkasie, PA 18944 |
| | 12/15/2015 | | Ocala, FL 34480 |
| | 1/22/2015 | | Taunton, MA 02780 |
| | 1/13/2016 | | Coventry, RI 02816 |
| | 11/30/2015 | | Santa Rosa, CA 95404 |
| | 9/30/2015 | | Hercules, CA 94547 |
| | 9/30/2015 | | Eldorado, IL 62930 |
| | 12/14/2015 | | Turlock, CA 95382 |
| | 12/5/2014 | | Charlotte, NC 28262 |
| | 1/9/2015 | | Timberlake, NC 27583 |
| | 11/28/2014 | | Columbia, SC 29212 |
| | 1/12/2015 | | Charlotte, NC 28269 |
| | 2/27/2015 | | Charlotte, NC 28215 |
| | 12/23/2015 | | Southern Shores, NC 27949 |
| | 12/15/2015 | | Canton, MI 48188 |

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
### (FOR GROUP 1 CLASS MEMBERS)

This Notice concerns a proposed class action settlement ("Settlement") in a lawsuit entitled *Moyer, et al. v. Mr. Cooper Group, Inc., as successor in interest to Home Point Financial Corporation, f/k/a Maverick Funding Corporation,* Civil Action No. 1:20-cv-03449-RDB, pending in the U.S. District Court for the District of Maryland (the "Lawsuit"). If you were a borrower or co-borrower on a residential mortgage loan from Maverick Funding Corporation ("Maverick") or Maverick's successor, Home Point Financial Corporation ("Home Point"), that was closed by All Star Title ("All Star") between January 1, 2014 and August 8, 2016, you may be eligible for benefits under the Settlement.  Mr. Cooper acquired Home Point's parent company on August 1, 2023.

#### A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.

#### PLEASE READ THIS NOTICE CAREFULLY AS IT AFFECTS YOUR LEGAL RIGHTS.

**What is the Lawsuit about?** The Plaintiffs in the Lawsuit allege that between January 1, 2014 and August 8, 2016, All Star provided unlawful benefits to certain employees, officers and/or agents of Maverick or Home Point, in exchange for their agreement to refer borrowers to All Star for title and settlement services of their residential mortgage loans ("the alleged referral scheme"), and that Maverick and Home Point should be held liable for the alleged referral scheme. Home Point, along with its predecessors and successors, dispute the allegations in the Lawsuit and all allegations of wrongdoing, and denies that it is or may be liable for any of the claims or alleged conduct asserted therein. *The Court has not made any judgment or other determination of the liability of Home Point or Maverick in the Lawsuit.*

**Why did I get this Notice?** You received this Notice because Maverick and Home Point's records show that you are a potential member of the Settlement Class described below. This Notice is intended to generally describe the nature of the Lawsuit, the general terms of the proposed Settlement, and your legal rights and obligations.

**Who is part of the Settlement Class?** The Settlement Class (defined in the Settlement Agreement) includes all individuals in the United States who were borrowers on a federally related mortgage loan (as defined under the Real Estate Settlement Procedures Act, 12 U.S.C § 2602) originated by, brokered by, and/or otherwise obtained from Home Point Financial Corporation f/k/a Maverick Funding Corporation, for which All Star Title, Inc. provided title or settlement services, as identified on the borrower's HUD-1 or Closing Disclosure, between January 1, 2014, and August 8, 2016. Exempted from this class are: (1) any person who, during the period of January 1, 2014 and August 8, 2016, was an employee, officer, member, and/or agent of Home Point Financial Corporation, Maverick Funding Corporation, or All Star Title, Inc., or any of their subsidiary, parent or affiliate entities; (2) any judicial officer who handles this Lawsuit, and the immediate family members of such judicial officer(s); and/or (3) anyone who has elected to be excluded from the Settlement Class pursuant to the Request for Exclusion procedures as defined below. (defined below).

You are receiving this notice because you are a potential member of the Settlement Class based on the records of Class Counsel, Maverick and/or Home Point and your loan was originated by a Home Point branch associated with Group 1 (as defined in the Settlement Agreement).

#### YOU DO <u>NOT</u> NEED TO SUBMIT A CLAIM TO RECEIVE SETTLEMENT BENEFITS UNDER THE SETTLEMENT.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **GROUP 1 CLASS MEMBERS NEED NOT MAKE A CLAIM** | If the Court gives final approval to the Settlement and after all potential appeals are exhausted (if any are filed), Group 1 Class Members who do not opt-out will automatically be eligible to receive the Settlement Benefits (described below) under the Settlement without submitting a claim. | Anticipated payment date: approximately 21 days after the Settlement obtains Final Approval and the approval of the Settlement is upheld on appeal (if any are filed). |
| **IF YOU WISH TO BE EXCLUDED FROM THE SETTLEMENT, YOU MUST MAIL A REQUEST FOR EXCLUSION BY NO LATER THAN** _____. | This is the only option that allows you to retain your rights to independently sue Home Point and Maverick or their successors about the claims in this Lawsuit. In order to exclude yourself from the Settlement, you must follow the procedure described below and mail your Request for Exclusion to the Settlement Administrator at _____ | The Exclusion Deadline for Requests for Exclusion to be mailed to the Settlement Administrator is: _____. |

| **IF YOU WISH TO OBJECT TO THE SETTLEMENT, YOU MUST FILE YOUR WRITTEN OBJECTION WITH THE COURT BY NO LATER THAN _____.** | If you do not file a Request for Exclusion, you may write to the Court about why you object to (i.e., don't like) the Settlement and think it should not be approved. You must follow the procedure described below for objecting to the Settlement and file your written objection with the Court at U.S. District Court for the District of Maryland, Northern Division, 101 West Lombard Street, Baltimore, MD 21201. You must also mail copies of your written objection to Class Counsel, and Counsel for Home Point and Maverick at these addresses:<br><br>Class Counsel:<br><br>Michael Paul Smith<br>Melissa L. English<br>Smith, Gildea & Schmidt, LLC<br>600 Washington Avenue, Suite 200<br>Towson, MD 21204<br><br>Counsel for Home Point and Maverick:<br><br>Thomas V. Panoff<br>Sheppard Mullin Richter & Hampton LLP<br>321 North Clark Street, 32nd Floor<br>Chicago, IL 60654 | The Objection Deadline for the Filing of Objections with the Court is:<br><br>_____. |
| **IF YOU WISH TO ATTEND THE "FINAL FAIRNESS HEARING" ON THE SETTLEMENT** | The Court will hold a "Final Fairness Hearing" to consider the Settlement, Class Counsel's request for attorneys' fees and expenses, and the Class Representatives' request for service awards. You may, but are not required to, speak at the Final Fairness Hearing, if you have filed a timely written objection with the Court. If you intend to speak at the Final Fairness Hearing, you must include your intention to do so in your written objection that you submit to the Court. | Scheduled Date of Final Fairness Hearing is:<br><br>_____. |
| **IF YOU DO NOTHING AND ARE A GROUP 1 CLASS MEMBER** | If you do not timely exclude yourself from the Settlement and the Court gives final approval to the Settlement at or after the Final Fairness Hearing, you will not be able to sue Home Point or Maverick or their successors for the Released Claims under the Settlement, but you will still be eligible to receive the Settlement Benefits described below. | |

These Rights and Options are explained in more detail below.

If you have questions concerning the Settlement, you may contact the Settlement Administrator at: _____ or you can contact Class Counsel for the Settlement at: 410-821-0070 or mpsmith@sgs-law.com. You may also obtain more information about the Settlement, including a copy of the Settlement Agreement and the Motions and Court Orders relating thereto, through the Settlement Administrator's website at _____.

The Court has preliminarily approved the Settlement and will decide later whether to give final approval to the Settlement. The relief provided to Settlement Class Members will be provided only if the Court gives final approval to the Settlement and only after any appeals, if any are filed, are resolved in favor of the Settlement. **Please be patient**.

You can also access the filings in the Lawsuit through the Court's public access service, known as PACER, which allows users to obtain case and docket information online through the PACER Case Locator at https://www.pacer.gov/.

**PLEASE DO NOT CALL THE COURT FOR INFORMATION ABOUT THE SETTLEMENT.**

| 1. | What is this lawsuit about? |
|----|----|

The Plaintiffs in the Lawsuit allege that between January 1, 2014 and August 8, 2016, All Star provided unlawful benefits to certain employees, officers and/or agents of Maverick or Home Point, in exchange for their agreement to refer borrowers to All Star for title and settlement services of their residential mortgage loans ("the alleged referral scheme"), and that Maverick and Home Point should be held liable for the alleged referral scheme. Home Point and Maverick, along with their successors and predecessors, dispute the allegations in the Lawsuit and all allegations of wrongdoing, and denies that it is or may be liable for any of the claims or alleged conduct asserted therein. *The Court has not made any judgment or other determination of the liability of any defendant in the Lawsuit.*

| 2. | What is a class action? |
|----|----|

In a class action lawsuit, one or more people called Plaintiffs sue on behalf of themselves and all others who may have similar claims. A court can certify a class for purposes of settling claims in a lawsuit. That is what has happened in this case.

| 3. | Why is there a Settlement? |
|----|----|

To avoid the costs and uncertainties of the Lawsuit, the Plaintiffs, their attorneys, and Home Point and Maverick and their successors have agreed to resolve the disputed claims involving Home Point and Maverick, along with their successors and predecessors, in the Lawsuit through a settlement. The Settlement allows for the Settlement Class to receive relief through the benefits provided under the Settlement and described in Section 5 of this notice (once the Settlement becomes final and effective), rather than years from now, if ever, insofar as it is unknown whether the Plaintiffs would succeed in the Lawsuit. In granting preliminary approval to the Settlement, the Court has preliminarily determined that the Settlement is fair and reasonable.

| 4. | How do I know if I am part of the Settlement? |
|----|----|

Class Members are:

All individuals in the United States who were borrowers on a federally related mortgage loan (as defined under the Real Estate Settlement Procedures Act, 12 U.S.C § 2602) originated by, brokered by, and/or otherwise obtained from Home Point Financial Corporation f/k/a Maverick Funding Corporation, for which All Star Title, Inc. provided title or settlement services, as identified on the borrower's HUD-1 or Closing Disclosure, between January 1, 2014, and August 8, 2016. Exempted from this class are: (1) any person who, during the period of January 1, 2014 and August 8, 2016, was an employee, officer, member, and/or agent of Home Point Financial Corporation, Maverick Funding Corporation, or All Star Title, Inc., or any of their subsidiary, parent or affiliate entities; (2) any judicial officer who handles this Lawsuit, and the immediate family members of such judicial officer(s); and/or (3) anyone who has elected to be excluded from the Settlement Class pursuant to the Request for Exclusion (as defined in the Settlement Agreement). If a copy of this Notice was addressed and mailed to you, then, according to the records of Class Counsel, Maverick and/or Home Point, you are a potential Class Member assigned to Group 1.

| 5. | What relief does the Settlement provide to Group 1 Settlement Class Members? |
|----|----|

The Settlement provides for the following Settlement Benefits:

Group 1: Borrowers (with their co-borrowers, if any, although only one recovery per loan) whose mortgage loans were originated by the Home Point/Maverick branch at 1820 Lancaster Street, Baltimore, Maryland or the Home Point/Maverick branch at 6833 Clark State Road, Blacklick, Ohio, and who do not timely exclude themselves from the Settlement, are eligible to receive an amount equal to $1,095.00.

The Settlement Benefits described above will be funded by Home Point's successor through a fund (the "Common Fund") administered by a Court-appointed Settlement Administrator.

The payment of Settlement Benefits is based upon the Settlement receiving final approval, and such approval being upheld on appeal (if any are filed) or any such time to appeal expiring. Any amount remaining in the Common Fund after the payment of benefits will be returned to Home Point's successor as set forth in the Settlement Agreement.

| 6. | **Who represents the Settlement Class in the Lawsuit?** |

The Settlement Class is represented by Class Representatives, who are the Plaintiffs in the Lawsuit. The appointed Class Representatives are Sandra Moyer, Richard Martin, Terry Patterson, Jr., and Yvonne Matthew.

The Court has also appointed Plaintiffs' Counsel to serve as Class Counsel for the Settlement Class: Michael Paul Smith and Melissa L. English, of the law firm Smith Gildea & Schmidt, LLC, and Timothy F. Maloney and Veronica B. Nannis, of the law firm Joseph, Greenwald & Laake, P.A.

Class counsel may be contacted as follows:

By telephone to: (410) 821-0070          By email to: mpsmith@sgs-law.com

By mail to: Michael Paul Smith, Smith Gildea & Schmidt, LLC, 600 Washington Avenue, Suite 200, Towson, MD 21204.

| 7. | **Will the Settlement Class Representatives receive any compensation for their efforts in bringing this Action?** |

The Class Representatives will request a Service Award of up to $1,500 each (*i.e.*, up to $6,000 in total) for their services and efforts in bringing the Lawsuit. The Court will make the final decision as to any amount to be paid to each of the Class Representatives at or after the Final Fairness Hearing. These payments will be paid in addition to, not out of, the Settlement Benefits available to Class Members.

| 8. | **How will Class Counsel be paid?** |

Class Counsel will ask the Court to give final approval of the Settlement at the Final Fairness Hearing and will also ask the Court for an award of attorneys' fees and expenses in the amount of four hundred fifty thousand dollars ($450,000.00). The Court will make the final decision as to any sum up to that amount to be paid to Class Counsel at or after the Final Fairness Hearing. This payment will be paid in addition to, and not out of, the Settlement Benefits available to Class Members.

| 9. | **How do I get paid Settlement Benefits under the Settlement?** |

*If you are a Group 1 Settlement Class Member and do not timely exclude yourself from the Settlement*, you (jointly with your co-borrower, if any) will be paid the Settlement Benefit described in Section 5 above by the Settlement Administrator from the Common Fund approximately 21 days after the Settlement obtains Final Approval and the approval of the Settlement is upheld on appeal (if any are filed). The benefits will be issued automatically and there is no requirement to submit a claim or documentation.

| 10. | **What do Settlement Class Members give up to obtain relief under the Settlement?** |

If the Settlement receives final approval, the Court will enter a Final Order and Judgment dismissing the Action "with prejudice" (i.e., meaning that it cannot be filed again).

Upon the entry of the Final Order and Judgment, the Settlement provides that the Class Representatives and all Class Members who do not timely exclude themselves from the Settlement, and all of their respective heirs, executors, personal representatives, agents, successors, and assigns (together "the Releasors"), and Class Counsel, shall by virtue of this Settlement and its Final Approval, fully release, remise, resolve, waive, acquit, and forever discharge Home Point, its predecessors, successors, assigns, parents, subsidiaries, affiliates, and all of their respective past, present and future agents, directors, officers, employees, shareholders, insurers, representatives, and attorneys (together "the Releasees") of and from any and all the Released Claims (as defined below)..

The term "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, and whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that any of the Releasors have, had, and/or may have against any of the Releasees related to: (a) the matters alleged and claims asserted in the Lawsuit and/or matters and claims that could have been alleged therein based in whole or in part on the facts alleged in the complaints filed in the Lawsuit; (b) the origination and origination-related servicing  of the loans that are the subject of the Lawsuit; (c) All Star Title's closing of and/or provision of settlement and/or title services on the Home Point loans that are the subject of the Settlement; (d) the referral of business to All Star from Home Point and/or any of its employees, agents, owners, officers or directors and/or any of its predecessors or affiliated entities on the Home Point loans that are the subject of the Settlement

(e) any benefit(s), payment(s), and/or thing(s) of value received by Home Point and/or any of its employees, agents, owners, officers or directors from All Star Title and/or any of its related or affiliated entities on the Home Point loans that are the subject of the Settlement; and (f) any benefit(s), payment(s), and/or thing(s) of value received by All Star Title or any of its related or affiliated entities from Home Point and/or any of its employees, agents, owners, officers or directors on the Home Point loans that are the subject of the Settlement; and (g) any representation or omission concerning the loans that are the subject of the Settlement or the services provided by All Star or any of its employees, agents, owners, officers or directors and or any of its related or affiliated entities  (collectively the "Released Claims"). The Parties shall request that this Release be included in the Final Approval Order and Final Judgment Order entered in these cases.

**The Released Claims also release, waive, and relinquish, to the fullest extent permitted by law the rights, protections, and benefits under Section 1542 of the California Civil Code, and any law or legal principle of similar effect in any jurisdiction, whether federal or state. Section 1542 of the California Civil Code provides that:**

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

As part of the Settlement, the Class Representatives, for themselves and all Settlement Class Members who do not timely exclude themselves from the Settlement, have agreed and acknowledged the significance of these waivers of California Civil Code Section 1542 **and similar federal and state statutes, case law, rules, or regulations relating to limitations on releases.** In connection with the release, waivers and relinquishment stated above, the Class Representatives also acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever, all Released Claims with respect to the Releasees and, in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts at a later time.

If you exclude yourself from the Settlement Class, you will retain the right to bring a claim against All Star and Home Point, Maverick and their successors relating to the Released Claims, but you would not have representation provided for you through this lawsuit, and you would be responsible for hiring your own attorney, at your own expense.

| 11. | **How do Settlement Class Members exclude themselves from the Settlement?** |
|---|---|

Any member of the Settlement Class shall have the right to opt-out or exclude themselves from the Settlement by mailing a written Request for Exclusion to the Settlement Administrator at the following address:

Requests for Exclusion must be received by the Settlement Administrator no later than the Exclusion Deadline of _____ and must be personally signed by the person requesting exclusion from the Settlement Class and any co-borrower(s) on their mortgage loan. Requests for Exclusion must also include the requestor's full name and current address, the full name and current address of any co-borrower(s) on their mortgage loan, the address of the property which secured their mortgage loan, and an affirmation, under penalty of perjury, that the requestor seeking to be excluded from the Settlement Class and their co-borrower(s), if any, wish to opt-out of the Settlement Class and understand that, in doing so, they will not be entitled to any Settlement Benefits under the Settlement.

If you submit a timely and valid Request for Exclusion, you will not be a part of the Settlement, will not be eligible to receive Settlement Benefits, will not be bound by the Final Order and Judgment entered in the Lawsuit, and will not be precluded from suing on the Released Claims at your own cost.

| 12. | **How do I tell the Court that I do not like (object to) the Settlement?** |
|---|---|

At the date, time, and location stated below, the Court will hold a Final Fairness Hearing to determine if the Settlement is fair, reasonable, and adequate, and to also consider Class Counsel's request for an award of attorneys' fees and expenses, and a service award to the Class Representative.

If you have not submitted a timely and valid Request for Exclusion and wish to object to the Settlement, you must file with or mail to the U.S. District Court for the District of Maryland, Northern Division, 101 West Lombard St, Baltimore, MD 21201, and also mail to Class Counsel, Michael Paul Smith, Smith, Gildea & Schmidt, LLC, 600 Washington Avenue, Suite 200, Towson, MD 21204, and to

Counsel for Defendant, Thomas V. Panoff, Sheppard Mullin Richter & Hampton LLP, 321 North Clark Street, Chicago, Illinois 60654, a written objection ("Objection") by the Objection Deadline of _____, that complies with the following requirements. All Objections must be signed by the person(s) making the objection, or an attorney or legal guardian authorized to act on their behalf and must set forth in detail each component of the Settlement to which they object, the reasons for each such objection, and any legal authority or evidence that they wish the Court to consider in support thereof. Objections must also include the objector's full name and current address, the full name and current address of any co-borrower(s) on their mortgage loan, the address of the property which secured their mortgage loan, and a statement of whether the objector or any attorney hired by the objector intends to appear at the Final Fairness Hearing, at which time their objections will be considered, if not previously withdrawn.

You may, but need not, submit your written objection through an attorney of your choice. If you do make your objection through an attorney, you will be responsible for your own attorney's fees and costs. An objection filed with the Court on behalf of Settlement Class Members must be filed through the Court's electronic court filing ("ECF") system. An objection filed with the Court via ECF may redact the objector's telephone number or email address, so long as the unredacted version is mailed to Class Counsel and counsel for Defendant

**IF YOU DO NOT TIMELY AND PROPERLY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS TO THE SETTLEMENT AND WILL NOT BE ENTITLED TO SPEAK AT THE FINAL FAIRNESS HEARING.**

You are not required to appear at the Final Fairness Hearing. But, if you file and mail a timely objection that complies with this paragraph, you may appear at the Final Fairness Hearing, either in person or through an attorney of your own choice hired at your expense, to object to the fairness, reasonableness, or adequacy of the Settlement, or to the award of attorneys' fees, expenses, and costs or to the service awards to the Plaintiffs.

**If you and/or your attorney intend to appear at the Final Fairness Hearing, you must state in your written objection that you and/or your attorney intend to appear and speak at the Final Fairness Hearing.**

| 13. | What is the difference between excluding myself and objecting to the Settlement? |
|---|---|

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement. If you timely exclude yourself, you have no basis to object because the Settlement will no longer affect you.

| 14. | When and where will the Final Fairness Hearing occur? |
|---|---|

The Court has preliminarily approved the Settlement and will hold a hearing to decide whether to give final approval to the Settlement. The purpose of the Final Fairness Hearing will be for the Court to determine whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the award of attorneys' fees and expenses to Class Counsel; and to consider the request for a service award to the Class Representatives.

The Final Fairness Hearing will take place at _____ on _____ in Courtroom ___ of the United States Courthouse, 101 West Lombard St, Baltimore, MD 21201. The hearing may be postponed to a different date, time, or location as may be reflected on the online docket for the Lawsuit accessible through PACER. Please check the Settlement Administrator's website at _____ for updates about the Settlement generally or the Final Fairness Hearing specifically.

At that hearing, the Court will be available to consider objections concerning the fairness of the Settlement. You may attend, but you do not have to. As described above in Section 12 of this Notice, you may speak at the Final Fairness Hearing only if (a) you have timely filed your written objection with the Court and timely mailed your written objection to Class Counsel and Counsel for Defendant and (b) you followed the procedures set forth above for notifying the Court and the parties that you intend to speak at the Final Fairness Hearing. If you have requested exclusion from the Settlement, however, you may not speak at the Final Fairness Hearing.

### GETTING MORE INFORMATION & UPDATED INFORMATION ABOUT THE SETTLEMENT

To see a copy of the Settlement Agreement (which defines capitalized terms used in this notice and provides a brief summary of what has happened in the Lawsuit), the Court's preliminary approval order, Class Counsel's application for attorneys' fees and costs, the operative complaint filed in the Lawsuit, and other filings regarding the Settlement, please visit the Settlement Administrator's Website located at _____. Alternatively, you may contact the Settlement Administrator at _____.

The above description of the Lawsuit is general and does not cover all of the issues and proceedings that have occurred in the Lawsuit. In order to see the complete file for the Lawsuit, you may access it online through the PACER system at http://pacer.psc.uscourts.gov/. You may also contact Class Counsel by calling 410-821-0070.

**<u>DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT TO COUNSEL FOR DEFENDANT OR THE COURT.</u>**

Dated: _____

By:    Order of the U.S. District Court
       for the District of Maryland
       Honorable Richard D. Bennett
       United States District Judge

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
**(FOR GROUP 1 CLASS MEMBERS)**

This Notice concerns a proposed class action settlement ("Settlement") in a lawsuit entitled *Moyer, et al. v. Mr. Cooper Group, Inc., as successor in interest to Home Point Financial Corporation, f/k/a Maverick Funding Corporation,* Civil Action No. 1:20-cv-03449-RDB, pending in the U.S. District Court for the District of Maryland (the "Lawsuit"). If you were a borrower or co-borrower on a residential mortgage loan from Maverick Funding Corporation ("Maverick") or Maverick's successor, Home Point Financial Corporation ("Home Point"), that was closed by All Star Title ("All Star") between January 1, 2014 and August 8, 2016, you may be eligible for benefits under the Settlement.  Mr. Cooper acquired Home Point's parent company on August 1, 2023.

### A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.

### PLEASE READ THIS NOTICE CAREFULLY AS IT AFFECTS YOUR LEGAL RIGHTS.

**What is the Lawsuit about?** The Plaintiffs in the Lawsuit allege that between January 1, 2014 and August 8, 2016, All Star provided unlawful benefits to certain employees, officers and/or agents of Maverick or Home Point, in exchange for their agreement to refer borrowers to All Star for title and settlement services of their residential mortgage loans ("the alleged referral scheme"), and that Maverick and Home Point should be held liable for the alleged referral scheme. Home Point, along with its predecessors and successors, dispute the allegations in the Lawsuit and all allegations of wrongdoing, and denies that it is or may be liable for any of the claims or alleged conduct asserted therein. *The Court has not made any judgment or other determination of the liability of Home Point or Maverick in the Lawsuit.*

**Why did I get this Notice?** You received this Notice because Maverick and Home Point's records show that you are a potential member of the Settlement Class described below. This Notice is intended to generally describe the nature of the Lawsuit, the general terms of the proposed Settlement, and your legal rights and obligations.

**Who is part of the Settlement Class?** The Settlement Class (defined in the Settlement Agreement) includes all individuals in the United States who were borrowers on a federally related mortgage loan (as defined under the Real Estate Settlement Procedures Act, 12 U.S.C § 2602) originated by, brokered by, and/or otherwise obtained from Home Point Financial Corporation f/k/a Maverick Funding Corporation, for which All Star Title, Inc. provided title or settlement services, as identified on the borrower's HUD-1 or Closing Disclosure, between January 1, 2014, and August 8, 2016. Exempted from this class are: (1) any person who, during the period of January 1, 2014 and August 8, 2016, was an employee, officer, member, and/or agent of Home Point Financial Corporation, Maverick Funding Corporation, or All Star Title, Inc., or any of their subsidiary, parent or affiliate entities; (2) any judicial officer who handles this Lawsuit, and the immediate family members of such judicial officer(s); and/or (3) anyone who has elected to be excluded from the Settlement Class pursuant to the Request for Exclusion procedures as defined below. (defined below).

**You are receiving this notice because you are a potential member of the Settlement Class based on the records of Class Counsel, Maverick and/or Home Point and your loan was originated by a Home Point branch associated with Group 2 (as defined in the Settlement Agreement).**

**YOU DO <u>NOT</u> NEED TO SUBMIT A CLAIM TO RECEIVE SETTLEMENT BENEFITS UNDER THE SETTLEMENT.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **GROUP 1 CLASS MEMBERS NEED NOT MAKE A CLAIM** | If the Court gives final approval to the Settlement and after all potential appeals are exhausted (if any are filed), Group 2 Class Members who do not opt-out will automatically be eligible to receive the Settlement Benefits (described below) under the Settlement without submitting a claim. | Anticipated payment date: approximately 21 days after the Settlement obtains Final Approval and the approval of the Settlement is upheld on appeal (if any are filed). |
| **IF YOU WISH TO BE EXCLUDED FROM THE SETTLEMENT, YOU MUST MAIL A REQUEST FOR EXCLUSION BY NO LATER THAN** _____. | This is the only option that allows you to retain your rights to independently sue Home Point and Maverick or their successors about the claims in this Lawsuit. In order to exclude yourself from the Settlement, you must follow the procedure described below and mail your Request for Exclusion to the Settlement Administrator at _____ | The Exclusion Deadline for Requests for Exclusion to be mailed to the Settlement Administrator is: _____. |

| **IF YOU WISH TO OBJECT TO THE SETTLEMENT, YOU MUST FILE YOUR WRITTEN OBJECTION WITH THE COURT BY NO LATER THAN _____.** | If you do not file a Request for Exclusion, you may write to the Court about why you object to (i.e., don't like) the Settlement and think it should not be approved. You must follow the procedure described below for objecting to the Settlement and file your written objection with the Court at U.S. District Court for the District of Maryland, Northern Division, 101 West Lombard Street, Baltimore, MD 21201. You must also mail copies of your written objection to Class Counsel, and Counsel for Home Point and Maverick at these addresses:<br><br>Class Counsel:<br><br>    Michael Paul Smith<br>    Melissa L. English<br>    Smith, Gildea & Schmidt, LLC<br>    600 Washington Avenue, Suite 200<br>    Towson, MD 21204<br><br>Counsel for Home Point and Maverick:<br><br>    Thomas V. Panoff<br>    Sheppard Mullin Richter & Hampton LLP<br>    321 North Clark Street, 32nd Floor<br>    Chicago, IL 60654 | The Objection Deadline for the Filing of Objections with the Court is:<br><br>_____. |
| **IF YOU WISH TO ATTEND THE "FINAL FAIRNESS HEARING" ON THE SETTLEMENT** | The Court will hold a "Final Fairness Hearing" to consider the Settlement, Class Counsel's request for attorneys' fees and expenses, and the Class Representatives' request for service awards. You may, but are not required to, speak at the Final Fairness Hearing, if you have filed a timely written objection with the Court. If you intend to speak at the Final Fairness Hearing, you must include your intention to do so in your written objection that you submit to the Court. | Scheduled Date of Final Fairness Hearing is:<br><br>_____. |
| **IF YOU DO NOTHING AND ARE A GROUP 1 CLASS MEMBER** | If you do not timely exclude yourself from the Settlement and the Court gives final approval to the Settlement at or after the Final Fairness Hearing, you will not be able to sue Home Point or Maverick or their successors for the Released Claims under the Settlement, but you will still be eligible to receive the Settlement Benefits described below. | |

These Rights and Options are explained in more detail below.

If you have questions concerning the Settlement, you may contact the Settlement Administrator at: _____ or you can contact Class Counsel for the Settlement at: 410-821-0070 or mpsmith@sgs-law.com. You may also obtain more information about the Settlement, including a copy of the Settlement Agreement and the Motions and Court Orders relating thereto, through the Settlement Administrator's website at _____.

The Court has preliminarily approved the Settlement and will decide later whether to give final approval to the Settlement. The relief provided to Settlement Class Members will be provided only if the Court gives final approval to the Settlement and only after any appeals, if any are filed, are resolved in favor of the Settlement. **Please be patient**.

You can also access the filings in the Lawsuit through the Court's public access service, known as PACER, which allows users to obtain case and docket information online through the PACER Case Locator at https://www.pacer.gov/.

**PLEASE DO NOT CALL THE COURT FOR INFORMATION ABOUT THE SETTLEMENT.**

| 1. | What is this lawsuit about? |
|---|---|

The Plaintiffs in the Lawsuit allege that between January 1, 2014 and August 8, 2016, All Star provided unlawful benefits to certain employees, officers and/or agents of Maverick or Home Point, in exchange for their agreement to refer borrowers to All Star for title and settlement services of their residential mortgage loans ("the alleged referral scheme"), and that Maverick and Home Point should be held liable for the alleged referral scheme. Home Point and Maverick, along with their successors and predecessors, dispute the allegations in the Lawsuit and all allegations of wrongdoing, and denies that it is or may be liable for any of the claims or alleged conduct asserted therein. *The Court has not made any judgment or other determination of the liability of any defendant in the Lawsuit.*

| 2. | What is a class action? |
|---|---|

In a class action lawsuit, one or more people called Plaintiffs sue on behalf of themselves and all others who may have similar claims. A court can certify a class for purposes of settling claims in a lawsuit. That is what has happened in this case.

| 3. | Why is there a Settlement? |
|---|---|

To avoid the costs and uncertainties of the Lawsuit, the Plaintiffs, their attorneys, and Home Point and Maverick and their successors have agreed to resolve the disputed claims involving Home Point and Maverick, along with their successors and predecessors, in the Lawsuit through a settlement. The Settlement allows for the Settlement Class to receive relief through the benefits provided under the Settlement and described in Section 5 of this notice (once the Settlement becomes final and effective), rather than years from now, if ever, insofar as it is unknown whether the Plaintiffs would succeed in the Lawsuit. In granting preliminary approval to the Settlement, the Court has preliminarily determined that the Settlement is fair and reasonable.

| 4. | How do I know if I am part of the Settlement? |
|---|---|

Class Members are:

All individuals in the United States who were borrowers on a federally related mortgage loan (as defined under the Real Estate Settlement Procedures Act, 12 U.S.C § 2602) originated by, brokered by, and/or otherwise obtained from Home Point Financial Corporation f/k/a Maverick Funding Corporation, for which All Star Title, Inc. provided title or settlement services, as identified on the borrower's HUD-1 or Closing Disclosure, between January 1, 2014, and August 8, 2016. Exempted from this class are: (1) any person who, during the period of January 1, 2014 and August 8, 2016, was an employee, officer, member, and/or agent of Home Point Financial Corporation, Maverick Funding Corporation, or All Star Title, Inc., or any of their subsidiary, parent or affiliate entities; (2) any judicial officer who handles this Lawsuit, and the immediate family members of such judicial officer(s); and/or (3) anyone who has elected to be excluded from the Settlement Class pursuant to the Request for Exclusion (as defined in the Settlement Agreement). If a copy of this Notice was addressed and mailed to you, then, according to the records of Class Counsel, Maverick and/or Home Point, you are a potential Class Member assigned to Group 1.

| 5. | What relief does the Settlement provide to Group 1 Settlement Class Members? |
|---|---|

The Settlement provides for the following Settlement Benefits:

> Group 2: Borrowers (with their co-borrowers, if any) whose mortgage loans were originated by a Home Point/Maverick branch other than the 1820 Lancaster Street, Baltimore, Maryland branch or the 6833 Clark State Road, Blacklick, Ohio branch, and who do not timely exclude themselves from the Settlement, are eligible to receive an amount equal to $170.00.

The Settlement Benefits described above will be funded by Home Point's successor through a fund (the "Common Fund") administered by a Court-appointed Settlement Administrator.

The payment of Settlement Benefits is based upon the Settlement receiving final approval, and such approval being upheld on appeal (if any are filed) or any such time to appeal expiring. Any amount remaining in the Common Fund after the payment of benefits will be returned to Home Point's successor as set forth in the Settlement Agreement.

| 6. | **Who represents the Settlement Class in the Lawsuit?** |
|---|---|

The Settlement Class is represented by Class Representatives, who are the Plaintiffs in the Lawsuit. The appointed Class Representatives are Sandra Moyer, Richard Martin, Terry Patterson, Jr., and Yvonne Matthew.

The Court has also appointed Plaintiffs' Counsel to serve as Class Counsel for the Settlement Class: Michael Paul Smith and Melissa L. English, of the law firm Smith Gildea & Schmidt, LLC, and Timothy F. Maloney and Veronica B. Nannis, of the law firm Joseph, Greenwald & Laake, P.A.

Class counsel may be contacted as follows:

By telephone to: (410) 821-0070          By email to: mpsmith@sgs-law.com

By mail to: Michael Paul Smith, Smith Gildea & Schmidt, LLC, 600 Washington Avenue, Suite 200, Towson, MD 21204.

| 7. | **Will the Settlement Class Representatives receive any compensation for their efforts in bringing this Action?** |
|---|---|

The Class Representatives will request a Service Award of up to $1,500 each (*i.e.,* up to $6,000 in total) for their services and efforts in bringing the Lawsuit. The Court will make the final decision as to any amount to be paid to each of the Class Representatives at or after the Final Fairness Hearing. These payments will be paid in addition to, not out of, the Settlement Benefits available to Class Members.

| 8. | **How will Class Counsel be paid?** |
|---|---|

Class Counsel will ask the Court to give final approval of the Settlement at the Final Fairness Hearing and will also ask the Court for an award of attorneys' fees and expenses in the amount of four hundred fifty thousand dollars ($450,000.00). The Court will make the final decision as to any sum up to that amount to be paid to Class Counsel at or after the Final Fairness Hearing. This payment will be paid in addition to, and not out of, the Settlement Benefits available to Class Members.

| 9. | **How do I get paid Settlement Benefits under the Settlement?** |
|---|---|

*If you are a Group 1 Settlement Class Member and do not timely exclude yourself from the Settlement*, you (jointly with your co-borrower, if any) will be paid the Settlement Benefit described in Section 5 above by the Settlement Administrator from the Common Fund approximately 21 days after the Settlement obtains Final Approval and the approval of the Settlement is upheld on appeal (if any are filed). The benefits will be issued automatically and there is no requirement to submit a claim or documentation.

| 10. | **What do Settlement Class Members give up to obtain relief under the Settlement?** |
|---|---|

If the Settlement receives final approval, the Court will enter a Final Order and Judgment dismissing the Action "with prejudice" (i.e., meaning that it cannot be filed again).

Upon the entry of the Final Order and Judgment, the Settlement provides that the Class Representatives and all Class Members who do not timely exclude themselves from the Settlement, and all of their respective heirs, executors, personal representatives, agents, successors, and assigns (together "the Releasors"), and Class Counsel, shall by virtue of this Settlement and its Final Approval, fully release, remise, resolve, waive, acquit, and forever discharge Home Point, its predecessors, successors, assigns, parents, subsidiaries, affiliates, and all of their respective past, present and future agents, directors, officers, employees, shareholders, insurers, representatives, and attorneys (together "the Releasees") of and from any and all the Released Claims (as defined below)..

The term "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, and whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that any of the Releasors have, had, and/or may have against any of the Releasees related to: (a) the matters alleged and claims asserted in the Lawsuit and/or matters and claims that could have been alleged therein based in whole or in part on the facts alleged in the complaints filed in the Lawsuit; (b) the origination and origination-related servicing  of the loans that are the subject of the Lawsuit; (c) All Star Title's closing of and/or provision of settlement and/or title services on the Home Point loans that are the subject of the Settlement; (d) the referral of business to All Star from Home Point and/or any of its employees, agents, owners, officers or directors and/or any of its predecessors or affiliated entities on the Home Point loans that are the subject of the Settlement

(e) any benefit(s), payment(s), and/or thing(s) of value received by Home Point and/or any of its employees, agents, owners, officers or directors from All Star Title and/or any of its related or affiliated entities on the Home Point loans that are the subject of the Settlement; and (f) any benefit(s), payment(s), and/or thing(s) of value received by All Star Title or any of its related or affiliated entities from Home Point and/or any of its employees, agents, owners, officers or directors on the Home Point loans that are the subject of the Settlement; and (g) any representation or omission concerning the loans that are the subject of the Settlement or the services provided by All Star or any of its employees, agents, owners, officers or directors and or any of its related or affiliated entities  (collectively the "Released Claims"). The Parties shall request that this Release be included in the Final Approval Order and Final Judgment Order entered in these cases.

**The Released Claims also release, waive, and relinquish, to the fullest extent permitted by law the rights, protections, and benefits under Section 1542 of the California Civil Code, and any law or legal principle of similar effect in any jurisdiction, whether federal or state. Section 1542 of the California Civil Code provides that:**

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

As part of the Settlement, the Class Representatives, for themselves and all Settlement Class Members who do not timely exclude themselves from the Settlement, have agreed and acknowledged the significance of these waivers of California Civil Code Section 1542 **and similar federal and state statutes, case law, rules, or regulations relating to limitations on releases.** In connection with the release, waivers and relinquishment stated above, the Class Representatives also acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever, all Released Claims with respect to the Releasees and, in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts at a later time.

If you exclude yourself from the Settlement Class, you will retain the right to bring a claim against All Star and Home Point, Maverick and their successors relating to the Released Claims, but you would not have representation provided for you through this lawsuit, and you would be responsible for hiring your own attorney, at your own expense.

| 11. | How do Settlement Class Members exclude themselves from the Settlement? |
|---|---|

Any member of the Settlement Class shall have the right to opt-out or exclude themselves from the Settlement by mailing a written Request for Exclusion to the Settlement Administrator at the following address:

Requests for Exclusion must be received by the Settlement Administrator no later than the Exclusion Deadline of _____ and must be personally signed by the person requesting exclusion from the Settlement Class and any co-borrower(s) on their mortgage loan. Requests for Exclusion must also include the requestor's full name and current address, the full name and current address of any co-borrower(s) on their mortgage loan, the address of the property which secured their mortgage loan, and an affirmation, under penalty of perjury, that the requestor seeking to be excluded from the Settlement Class and their co-borrower(s), if any, wish to opt-out of the Settlement Class and understand that, in doing so, they will not be entitled to any Settlement Benefits under the Settlement.

If you submit a timely and valid Request for Exclusion, you will not be a part of the Settlement, will not be eligible to receive Settlement Benefits, will not be bound by the Final Order and Judgment entered in the Lawsuit, and will not be precluded from suing on the Released Claims at your own cost.

| 12. | How do I tell the Court that I do not like (object to) the Settlement? |
|---|---|

At the date, time, and location stated below, the Court will hold a Final Fairness Hearing to determine if the Settlement is fair, reasonable, and adequate, and to also consider Class Counsel's request for an award of attorneys' fees and expenses, and a service award to the Class Representative.

If you have not submitted a timely and valid Request for Exclusion and wish to object to the Settlement, you must file with or mail to the U.S. District Court for the District of Maryland, Northern Division, 101 West Lombard St, Baltimore, MD 21201, and also mail to Class Counsel, Michael Paul Smith, Smith, Gildea & Schmidt, LLC, 600 Washington Avenue, Suite 200, Towson, MD 21204, and to

Counsel for Defendant, Thomas V. Panoff, Sheppard Mullin Richter & Hampton LLP, 321 North Clark Street, Chicago, Illinois 60654, a written objection ("Objection") by the Objection Deadline of _____, that complies with the following requirements. All Objections must be signed by the person(s) making the objection, or an attorney or legal guardian authorized to act on their behalf and must set forth in detail each component of the Settlement to which they object, the reasons for each such objection, and any legal authority or evidence that they wish the Court to consider in support thereof. Objections must also include the objector's full name and current address, the full name and current address of any co-borrower(s) on their mortgage loan, the address of the property which secured their mortgage loan, and a statement of whether the objector or any attorney hired by the objector intends to appear at the Final Fairness Hearing, at which time their objections will be considered, if not previously withdrawn.

You may, but need not, submit your written objection through an attorney of your choice. If you do make your objection through an attorney, you will be responsible for your own attorney's fees and costs. Objections filed by attorneys registered for e-filing with this Court on behalf of Settlement Class Members must be filed through the Court's electronic court filing ("ECF") system. An objection filed with the Court via ECF may redact the objector's telephone number or email address, so long as the unredacted version is mailed to Class Counsel and counsel for Defendant

**IF YOU DO NOT TIMELY AND PROPERLY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS TO THE SETTLEMENT AND WILL NOT BE ENTITLED TO SPEAK AT THE FINAL FAIRNESS HEARING.**

You are not required to appear at the Final Fairness Hearing. But, if you file and mail a timely objection that complies with this paragraph, you may appear at the Final Fairness Hearing, either in person or through an attorney of your own choice hired at your expense, to object to the fairness, reasonableness, or adequacy of the Settlement, or to the award of attorneys' fees, expenses, and costs or to the service awards to the Plaintiffs.

**If you and/or your attorney intend to appear at the Final Fairness Hearing, you must state in your written objection that you and/or your attorney intend to appear and speak at the Final Fairness Hearing.**

| 13. | What is the difference between excluding myself and objecting to the Settlement? |
|---|---|

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement. If you timely exclude yourself, you have no basis to object because the Settlement will no longer affect you.

| 14. | When and where will the Final Fairness Hearing occur? |
|---|---|

The Court has preliminarily approved the Settlement and will hold a hearing to decide whether to give final approval to the Settlement. The purpose of the Final Fairness Hearing will be for the Court to determine whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the award of attorneys' fees and expenses to Class Counsel; and to consider the request for a service award to the Class Representatives.

The Final Fairness Hearing will take place at _____ on _____ in Courtroom ___ of the United States Courthouse, 101 West Lombard St, Baltimore, MD 21201. The hearing may be postponed to a different date, time, or location as may be reflected on the online docket for the Lawsuit accessible through PACER. Please check the Settlement Administrator's website at _____ for updates about the Settlement generally or the Final Fairness Hearing specifically.

At that hearing, the Court will be available to consider objections concerning the fairness of the Settlement. You may attend, but you do not have to. As described above in Section 12 of this Notice, you may speak at the Final Fairness Hearing only if (a) you have timely filed your written objection with the Court and timely mailed your written objection to Class Counsel and Counsel for Defendant and (b) you followed the procedures set forth above for notifying the Court and the parties that you intend to speak at the Final Fairness Hearing. If you have requested exclusion from the Settlement, however, you may not speak at the Final Fairness Hearing.

**GETTING MORE INFORMATION & UPDATED INFORMATION ABOUT THE SETTLEMENT**

To see a copy of the Settlement Agreement (which defines capitalized terms used in this notice and provides a brief summary of what has happened in the Lawsuit), the Court's preliminary approval order, Class Counsel's application for attorneys' fees and costs, the operative complaint filed in the Lawsuit, and other filings regarding the Settlement, please visit the Settlement Administrator's Website located at _____. Alternatively, you may contact the Settlement Administrator at _____.

The above description of the Lawsuit is general and does not cover all of the issues and proceedings that have occurred in the Lawsuit. In order to see the complete file for the Lawsuit, you may access it online through the PACER system at http://pacer.psc.uscourts.gov/. You may also contact Class Counsel by calling 410-821-0070.

**<u>DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT TO COUNSEL FOR DEFENDANT OR THE COURT.</u>**

Dated: _____                By:    Order of the U.S. District Court
                                                   for the District of Maryland
                                                   Honorable Richard D. Bennett
                                                   United States District Judge